■ In the Matter of KAYLA C., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DARIA C., Appellant, et al., Respondent. [797 NYS2d 559]—

In a neglect proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of a fact-finding order of the Family Court, Suffolk County (Sweeney, J.), entered April 14, 2004, as, after a hearing, found that she neglected her daughter Kayla C.

Ordered that the fact-finding order is affirmed insofar as appealed from, without costs or disbursements.

A prima facie case of neglect may be "established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of respondents, and (2) that respondents were the caretakers of the child at the time the injury occurred" (*Matter of Philip M.*, 82 NY2d 238, 243 [1993]; *see* Family Ct Act § 1046 [a] [ii]). After a prima facie case of neglect is established, the burden of going forward shifts to the parents or caretakers to offer a reasonable explanation as to how the injury occurred (*see Matter of Marc A.*, 301 AD2d 595, 596 [2003]).

Taking into account the totality of the evidence in the record, including the expert medical testimony concerning the physical condition of the baby, the remarkable improvement in her weight during hospitalization, and the appellant's hostility toward and resistance to assistance from home health professionals, the petitioner established a prima facie case that the baby's failure to thrive was a consequence of the appellant's failure to properly feed her (*see Matter of Camara R.*, 263 AD2d 710, 712

[1999]). The burden then shifted to the appellant to offer a reasonable explanation as to why the baby failed to thrive under her care.

The only explanation proffered by the appellant was that the baby was frequently spitting up a substantial amount of her formula. However, according to the expert medical testimony presented at the fact-finding hearing, the fact that the baby was spitting up was not interfering with her ability to gain weight. This testimony contradicted the appellant's explanation. Accordingly, it is submitted that the Family Court's determination was supported by the record (*see generally Matter of Kortney C.*, 3 AD3d 532, 533 [2004]).

The appellant's remaining contention is without merit. Schmidt, J.P., Santucci, Mastro and Rivera, JJ., concur.