■ In the Matter of DUSTIN B. and Another, Infants. ALLEGANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WILLIAM J.B., Appellant. [807 NYS2d 252]—

Appeal from an order of the Family Court, Allegany County (Thomas P. Brown, J.), entered October 20, 2004 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, adjudged that respondent's children were neglected.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the contention of respondent, we conclude that petitioner established by a preponderance of the

evidence that he neglected his two children named in the petition (*see* Family Ct Act § 1046 [b] [i]), i.e., that the "physical, mental or emotional condition [of the children] has been impaired or is in imminent danger of becoming impaired as a result of the failure of [respondent] to exercise a minimum degree of care" with respect to them (§ 1012 [f] [i]). We reject the contention of respondent that there is no logical nexus between his conduct and the failure of his children to thrive. "The minimum degree of care standard requires an objective evaluation of respondent's actions in light of what a reasonable and prudent parent would have done" (*Matter of Christopher JJ.*, 281 AD2d 720, 721 [2001]; *see Matter of Kenneth V.* [appeal No. 2], 307 AD2d 767, 768 [2003]). Here, petitioner established that respondent resided in the same household with the children and their mother for two years during which petitioner attempted to assist the mother in providing her children with adequate nutrition. Petitioner established that, during those two years, respondent was aware that the mother was unable to provide the children with adequate nutrition and that his assistance was critical to the health of his children. Petitioner further established that, despite that awareness, respondent was reluctant, and sometimes unwilling, to offer his assistance in ensuring that his children received proper nourishment. "To support a finding of neglect petitioner must prove both parental misconduct and harm or potential harm to a child" by a preponderance of the evidence, and here petitioner met that burden (*Christopher JJ.*, 281 AD2d at 721; *see Kenneth V.*, 307 AD2d at 768). Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Smith, JJ.