■ In the Matter of JOSHUA HEZEKIAH B., a Child Alleged to be Neglected. EDGAR B., SR., Appellant; NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [908 NYS2d 675]—

Order of disposition, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about July 13, 2009, which, based on a factual determination dated May 5, 2009, finding that respondent Edgar B., Sr., had neglected the subject child, placed him in respondent's custody, with 12 months' supervision, unanimously affirmed, without costs.

Review of the record reveals that a subsequent order of Family Court (Clark V. Richardson, J.), entered on or about December 1, 2009, vacated the order of disposition and released the child to respondent (his maternal grandfather and legal custodian) "nunc pro tunc July 13, 2009." However, we conclude that to the extent respondent challenges the ruling that he neglected the child, such vacatur does not render the instant appeal dismissible as academic, as the adjudication of neglect stands as a permanent stigma that may impact respondent's standing in any future proceedings (see Matter of Amber C., 38 AD3d 538, 540 [2007], lv denied 8 NY3d 816 [2007]; Matter of Daqwuan G., 29 AD3d 694, 695 [2006]).

A preponderance of the evidence clearly showed respondent to have neglected the child by failing to feed him properly, leading to a medical diagnosis of failure to thrive, and by failing to provide the child with proper medical care and treatment for such condition (see Family Ct Act § 1012 [f] [i] [A]; Matter of Samantha M., 56 AD3d 299 [2008], lv denied 11 NY3d 716 [2009]; Matter of Kayla C., 19 AD3d 692 [2005]; Matter of Michael S., 224 AD2d 277 [1996]). Although the court at fact-finding erred by refusing to qualify respondent's witness as an expert pediatrician (see Karasik v Bird, 98 AD2d 359, 362 [1984]), the error was harmless; the witness, not having examined the child until May 13, 2008, was incompetent to render an opinion as to whether he had been neglected as of May 12, when the neglect petition was filed. The court did not err in refusing to admit irrelevant medical records compiled after that filing, and because the medical evidence could be "readily understandable to an average [finder of fact]" (Rodriguez v Saal, 43 AD3d 272, 276 [2007]), expert testimony was unnecessary to find that the child suffered from failure to thrive caused by improper feeding and denial of adequate medical care and treatment (see Mack v Lydia E. Hall Hosp., 121 AD2d 431, 433 [1986]). The court did properly admit evidence that before the petition's filing, respondent failed to ensure the child's receiving of prescribed medical treatment for his failure to thrive (Samantha M., 56 AD3d at 300). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Acosta and Román, JJ.