Egan Jr., J.
Appeal from an order of the Family Court of St. Lawrence County (Morris, J.), entered March 5, 2012, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondents’ child to be neglected.
Respondent Justa ZZ. (hereinafter the mother) and respondent Albert YY. (hereinafter the father) are the parents of a child (born in January 2011) with a cleft palate. As the child, who was approximately eight weeks premature, weighed less than three pounds at birth, she remained hospitalized for several weeks, during which time her weight steadily improved. Following her discharge to respondents’ care, the child initially continued to gain weight. By mid-March 2011, however, the child’s weight gain “appeared to be stalling,” prompting a referral to an infant feeding and swallowing specialist, who thereafter evaluated the child, reviewed specific feeding techniques with respondents and made certain recommendations.
On April 16, 2011, at the behest of the feeding specialist, respondents took the child to the emergency department of a hospital in Onondaga County. During the course of the child’s medical evaluation, the father refused certain laboratory studies, indicating that “[h]e felt that the tests were not necessary and that he did not want the [child] stuck with [a] needle.” The child thereafter was admitted for treatment for failure to thrive but, before a bed on the pediatric unit could be secured, respondents grew impatient, signed the child out against medical advice and left the hospital. Following intervention by the Onondaga County Department of Social Services, respondents *804 and the child returned to the hospital, whereupon the child once again began to gain weight.
Petitioner thereafter removed the child from respondents’ care and commenced the instant neglect proceeding alleging, insofar as is relevant here, inadequate supervision and guardianship — specifically, that respondents failed to provide the child with adequate nutrition and medical care. Following a hearing, Family Court adjudicated the child to be neglected and placed her in foster care. This appeal by the father ensued.
“The case law makes clear that a child may be adjudicated to be neglected within the meaning of Family Ct Act § 1012 (f) (i) when a parent knew or should have known of circumstances which required action in order to avoid actual or potential impairment of the child and failed to act accordingly” (Matter of Mary MM., 38 AD3d 956, 957 [2007] [internal quotation marks and citation omitted]; accord Matter of Kimberly Z. [Jason Z.], 88 AD3d 1181, 1184-1185 [2011]; see Matter of Stevie R. [Arvin R.], 97 AD3d 906, 907 [2012]). “Determining whether a parent exercised the requisite minimum degree of care is evaluated by asking whether, under the circumstances, a reasonable and prudent parent [would] have so acted” (Matter of Clayton OO. [Nikki PP.], 101 AD3d 1411, 1411 [2012] [internal quotation marks and citations omitted]; see Matter of Darcy Y. [Christopher Z.], 103 AD3d 955, 956 [2013]).
Here, the record establishes that the father attended many of the child’s pediatric appointments, as well as the evaluation conducted by the feeding and swallowing specialist, during the course of which medical professionals repeatedly explained that the child’s cleft palate made it difficult for her to feed, stressed the importance of ensuring that the child was fed consistently and gained weight at a steady rate and offered instruction and specific recommendations for different feeding techniques. The record further reflects that the father resided in the same household as the mother and the child during the relevant time period, thereby evidencing his awareness of the child’s needs and the difficulties encountered in providing her with adequate nutrition (see Matter of Dustin B., 24 AD3d 1280, 1281 [2005]; cf. Matter of Stevie R. [Arvin R.], 97 AD3d at 907-908). Despite such awareness, the father made no attempt to feed the child prior to her placement in foster care, nor did he intervene or otherwise ensure that the child was receiving adequate nourishment. Moreover, even when faced with the child’s hospital admission for failure to thrive in April 2011, the father refused to allow medical personnel to conduct certain diagnostic tests and thereafter left the hospital with the child — against medical *805 advice and despite being warned of the risks of dehydration and an inability to feed at home. Finally, the child’s discharge summary from her April 2011 admission reflects that she was able to gain between 70 and 100 grams (or approximately 2x/2 to 3V2 ounces) per day while she was in the hospital, thereby establishing that the child “was not receiving proper nourishment at home” (Matter of Justin A. [Jesus A.], 94 AD3d 575, 575 [2012], lv denied 19 NY3d 807 [2012]).* Under these circumstances, we find that petitioner established — by a preponderance of the credible evidence (see Matter of Kimberly Z. [Jason Z.], 88 AD3d at 1185) — that the father neglected the child by failing to intervene or otherwise ensure that the child was receiving adequate nutrition and medical care (see Matter of Justin A. [Jesus A.], 94 AD3d at 575; Matter of Joshua Hezekiah B. [Edgar B.], 77 AD3d 441, 442 [2010], lv denied 15 NY3d 716 [2010]; Matter of Lorelei M. [Andrew M.], 67 AD3d 1383, 1383 [2009]; Matter of Dustin B., 24 AD3d at 1281; Matter of Kayla C., 19 AD3d 692, 692-693 [2005]). Accordingly, Family Court’s order is affirmed.
Rose, J.P., Spain and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

 One of the child’s pediatricians testified that the child should be gaining between 10 to 30 grams (or one-third ounce to one ounce) each day. As noted previously, the child’s weight gain stalled while in respondents’ care.