In the Matter of ISAIAH L. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CHRIS B., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of JOSHUA L. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CHRIS B., Appellant, et al., Respondent. (Proceeding No. 2.) [990 NYS2d 82]—

In two related child protective proceedings pursuant to Family Court Act article 10, Chris B. appeals (1) from an order of fact-finding of the Family Court, Kings County (Danoff, J.), dated December 14, 2012, which, after a hearing, found that he neglected the child Isaiah L., (2), as limited by his brief, from so much of a second order of fact-finding of the same court, also dated December 14, 2012, as, after a hearing, found that he derivatively neglected the child Joshua L., and (3), as limited by his brief, from so much of two orders of disposition of the same court (Mulroy, J.), dated January 28, 2013, and January 29, 2013, respectively, as, upon the fact-finding orders, made dispositions as to him.

Ordered that the appeals from the orders of fact-finding are dismissed, without costs or disbursements, as the orders of fact-finding were superseded by the orders of disposition and are brought up for review on the appeals from the orders of disposition; and it is further,

Ordered that the orders of disposition are affirmed insofar as appealed from, without costs or disbursements.

Contrary to the appellant's contention, the Family Court properly found him to be a person legally responsible for the child Isaiah L. within the meaning of the Family Court Act (*see* Family Ct Act § 1012 [g]; *Matter of Yolanda D.*, 88 NY2d 790, 796 [1996]). "A person is a proper respondent in an article 10 proceeding as an 'other person legally responsible for the child's care' if that person acts as the functional equivalent of a parent in a familial or household setting" (*Matter of Yolanda D.*, 88 NY2d at 796). "Determining whether a particular person has acted as the functional equivalent of a parent is a discretionary, fact-intensive inquiry which will vary according to the particular circumstances of each case" (*id.*). "Factors such as the frequency and nature of the contact between the child and respondent, the nature and extent of the control exercised by the respondent over the child's environment, the duration of the respondent's contact with the child, and the respondent's relationship to the child's parent(s) are some of the variables which should be considered and weighed by a court in determining whether a respondent fits within the catch-all category of section 1012 (g)" (*id.*).

Although Isaiah L. and the mother had only moved from California into the appellant's New York apartment about one month prior to the filing of the petition, and although the mother had only met the appellant through online dating sev-

eral months prior thereto, the appellant nonetheless assumed parental responsibilities during that month, including purchasing food and feeding the child, sleeping in the same bed as the child and the mother, and even representing himself to caseworkers as the child's parent (*see Matter of Commissioner of Social Servs. of City of N.Y. [Rafael R.]*, 188 AD2d 528 [1992]; *Matter of Faith AA.*, 139 AD2d 22, 24 [1988]). During the relevant period, the appellant was a regular member of the child's household, acting as the functional equivalent of a parent.

The determination of the Family Court that the appellant neglected Isaiah L. was supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). The totality of the evidence, including the child's precipitous weight loss when in the appellant's care, the remarkable improvement in his weight during hospitalization, and the appellant's failure to take action when he twice saw the mother angrily shake the child, established that the appellant neglected Isaiah L. by failing to exercise a minimum degree of care in providing the child with adequate food and proper supervision or guardianship (*see* Family Ct Act § 1012 [f] [i] [A], [B]; *Matter of Kayla C.*, 19 AD3d 692 [2005]; *Matter of Jonathan G.*, 278 AD2d 324 [2000]).

The Family Court's finding of derivative neglect with respect to the child Joshua L. was also appropriate. "In a derivative neglect proceeding, '[t]he determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists . . . In such a case, the condition is presumed to exist currently and the [appellant] has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future' " (*Matter of Baby Boy W.*, 283 AD2d 584, 585 [2001], quoting *Matter of Cruz*, 121 AD2d 901, 902-903 [1986]; *see also Matter of Clarissa S.P. [Jaris S.]*, 91 AD3d 785 [2012]). Joshua L., the appellant's biological child, was born approximately 11 months after the conduct which formed the basis of the finding of neglect as to Isaiah L., and during the pendency of related fact-finding proceedings.

Since the appellant failed to present any evidence that he was receiving any services such that the condition could not reasonably be expected to exist currently or in the foreseeable future, the Family Court properly made a finding of derivative neglect with respect to Joshua L. (*see Matter of Clarissa S.P. [Jaris S.]*, 91 AD3d 785 [2012]; *Matter of Amber C.*, 38 AD3d 538 [2007]). Balkin, J.P., Austin, LaSalle and Barros, JJ., concur.