■ In the Matter of NYHEEM E. and Others, Children Alleged to be Abused. JAMILA G., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [23 NYS3d 9]—

Order of disposition, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about July 10, 2014, insofar as it brings up for review a fact-finding order, same court and Judge, entered on or about January 16, 2014, which, to the extent appealed from as limited by the briefs, found that respondent mother had severely abused the youngest subject child, had derivatively abused the other subject children, and had neglected the three subject children by misusing drugs, unanimously affirmed, without costs. Appeal from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

Petitioner agency established by clear and convincing evidence that the mother had severely abused the youngest subject child (*see* Family Ct Act § 1051 [e]). In particular, there was clear and convincing evidence that the child was abused as a result of the mother's reckless or intentional acts evincing a depraved indifference to the child's life, and resulting in serious physical injuries to the child (*see* Social Services Law § 384-b [8] [a] [i]). The agency introduced expert medical testimony that the seven-week-old child presented at a hospital emergency room with multiple fractures to his ribs, left leg and skull, and retinal hemorrhages to both of his eyes, and that his injuries were the result of nonaccidental trauma that would ordinarily not be sustained or exist except by reason of the acts or omissions of the mother or the child's father (*see Matter of Sara B.*, 41 AD3d 170, 171 [1st Dept 2007]). The agency's evidence also showed that the mother failed to obtain prompt medical attention for the child, even though she observed that the child was in pain and was twitching (*see Matter of Amirah L. [Candice J.]*, 118 AD3d 792, 793-794 [2d Dept 2014]).

The agency established severe abuse by showing that the child's severe injuries were not accidental and that mother and the father were the only caretakers that had access to the child when the injuries were sustained (*see Matter of Dashawn W. [Antoine N.]*, 21 NY3d 36 [2013]; *Matter of Kaylene H.*, 133 AD3d 477 [1st Dept 2015]). It was not required to establish whether the mother or the father actually inflicted the injuries, or whether they did so together (*see Matter of Matthew O. [Kenneth O.]*, 103 AD3d 67, 75-76 [1st Dept 2012]). Further, the mother's denial of fault and attempt to blame her three-year-old child for the injuries was insufficient to rebut the agency's prima facie evidence of severe abuse (*see* Family Ct Act § 1046 [a] [ii]; *Matter of Matthew O.*, 103 AD3d at 76; *Matter of Vivienne Bobbi-Hadiya S. [Makena Asanta Malika McK.]*, 126 AD3d 545, 546 [1st Dept 2015], *lv denied* 25 NY3d 1064 [2015]).

Given the evidence of severe abuse inflicted by the mother upon the youngest child, the finding of derivative abuse as to the two older children was supported by a preponderance of the evidence, even absent direct evidence that the mother had actually abused them (*see Matter of Kaiyeem C. [Ndaka C.]*, 126 AD3d 528, 529 [1st Dept 2015]).

The agency proved by a preponderance of the evidence that the mother had neglected the subject children by misusing marijuana (*see* Family Ct Act § 1012 [f] [i] [B]). The agency caseworker testified that the mother told her that she smoked marijuana on weekends and holidays, and the mother herself testified that she would use the drug in the home while the children were asleep (*see Matter of Christina G. [Vladimir G.]*, 100 AD3d 454, 454-455 [1st Dept 2012], *lv denied* 20 NY3d 859 [2013]). The mother failed to establish that she was voluntarily and regularly participating in a drug rehabilitative program, and therefore failed to rebut the agency's prima evidence of neglect (*see* Family Ct Act § 1046 [a] [iii]; *Matter of Joel S. [Charles C.]*, 110 AD3d 442, 442 [1st Dept 2013]). Concur—Friedman, J.P., Andrias, Gische and Kapnick, JJ.