■ In the Matter of MARIA S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANGELO S. et al., Appellants. (Proceeding No. 1.) In the Matter of AMANDA S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANGELO S. et al., Appellants. (Proceeding No. 2.) [25 NYS3d 230]—

Appeals from a decision of the Family Court, Kings County (Lillian Wan, J.), dated April 29, 2014, a decision of that court dated October 27, 2014, and an order of disposition of that court dated October 28, 2014. The mother's notice of appeal from the decision dated October 27, 2014, is deemed to be a notice of appeal from the order of disposition (*see* CPLR 5512 [a]). The order of disposition, insofar as appealed from, after a dispositional hearing, denied the separate applications of the mother and the father for a suspended judgment. The appeals from the order of disposition bring up for review an order of fact-finding of that court dated April 29, 2014, which, after a fact-finding hearing, found that the mother and the father abused the child Maria S. and derivatively abused the child Amanda S.

Ordered that the mother's appeal from the decision dated April 29, 2014, and the father's appeal from the decision dated October 27, 2014, are dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The petitioner commenced these proceedings against the mother and the father, alleging that they abused the child Maria S. and derivatively abused the child Amanda S. In an order of fact-finding dated April 29, 2014, the Family Court found, after a hearing, that the petitioner established by a preponderance of the evidence that the mother and the father abused Maria and, as a result of that abuse, Amanda was derivatively abused. In an order of disposition dated October 28, 2014, the Family Court, after a dispositional hearing, denied the separate applications of the mother and the father for a suspended judgment. The mother and the father separately appeal from the order of disposition, which brings up for review the order of fact-finding.

The Family Court properly determined that the mother and the father abused Maria. The Family Court Act defines an abused child, inter alia, as a child whose parent, or other person legally responsible for his or her care, "(i) inflicts or allows to be inflicted upon such child physical injury by other than accidental means which causes or creates a substantial risk of . . . protracted impairment of physical or emotional health" or "(ii) creates or allows to be created a substantial risk of physical injury to such child by other than accidental means which would be likely to cause . . . protracted impairment of physical or emotional health" (Family Ct Act § 1012 [e] [i], [ii]). Family Court Act § 1046 (a) (ii) provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of respondents, and (2) that respondents were the caretakers of the child at the time the injury occurred (*see Matter of Philip M.*, 82 NY2d 238, 243 [1993]). "[O]nce a petitioner in a child abuse case has established a prima facie case, the burden of going forward shifts to respondents to rebut the evidence of parental culpability. But . . . the burden of proving child abuse always rests with petitioner" (*id.* at 244).

Here, the petitioner established a prima facie case of child abuse. The mother and the father failed to provide a reasonable and adequate explanation for Maria's injuries (*see Matter of Robert A. [Kelly K.]*, 109 AD3d 611, 613 [2013]; *Matter of Sharonda S.*, 301 AD2d 532, 533 [2003]). Moreover, the Family Court properly determined that the mother and the father derivatively abused Amanda (*see Matter of Diamond K.*, 31 AD3d 553, 554 [2006]; *see also Matter of Matthew O. [Kenneth O.]*, 103 AD3d 67, 76 [2012]).

The Family Court did not improvidently exercise its discretion in denying the separate applications for a suspended judgment (*see Matter of Phillips N. [Joy N.]*, 104 AD3d 690, 692 [2013]). Balkin, J.P., Leventhal, Cohen and Maltese, JJ., concur.