In the Matter of NADJMAAH S.B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ALESHIA R.M., Appellant. [34 NYS3d 482]—

Appeal from an order of fact-finding of the Family Court, Kings County (Daniel Turbow, J.), dated October 10, 2014. The order of fact-finding, after a hearing, found that the mother neglected the subject child.

Ordered that order of fact-finding is affirmed, without costs or disbursements.

To establish neglect, the petitioner must prove, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is due to the failure of the parent or caregiver to exercise a minimum degree of care in providing the child with proper supervision and guardianship (*see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Eugene S. [Priscilla E.]*, 114 AD3d 691 [2014]; *see also* Family Ct Act § 1046 [b] [i]).

Contrary to the mother's contention, a preponderance of the evidence established that she neglected the subject child. The evidence presented at the hearing, which included expert medical testimony, established that the child's physical condition had been impaired, or was in imminent danger of becoming impaired, as a result of the mother's failure to exercise a minimum degree of care in providing the child with adequate food and medical care. The evidence presented at the hearing demonstrated that the child, whose weight dropped from the 94th percentile on the World Health Organization growth chart at birth to the 15th percentile at the age of 13 months, had failed to thrive due to the mother's failure to provide her with adequate nutrition and medical care (*see Matter of Joshua Hezekiah B. [Edgar B.]*, 77 AD3d 441, 442 [2010]; *Matter of Lorelei M. [Andrew M.]*, 67 AD3d 1383 [2009]; *Matter of Kayla*

*C.*, 19 AD3d 692 [2005]; *see also Matter of Josephine BB. [Rosetta BB.]*, 114 AD3d 1096, 1097-1098 [2014]).

The mother's contention that the Family Court should not have admitted testimony that the child gained weight after her removal from the mother's care is without merit (*see Matter of Kayla C.*, 19 AD3d at 692). Eng, P.J., Roman, LaSalle and Barros, JJ., concur.