■ In the Matter of ZOEY D. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SIMONA D., Appellant, et al., Respondent. [49 NYS3d 145]—

Appeals by the mother from (1) an order of fact-finding of the Family Court, Kings County (Michael Ambrosio, J.), dated April 21, 2015, and (2) an order of disposition of that court (Barbara Salinitro, J.), dated June 8, 2015. The order of fact-finding, after a fact-finding hearing, inter alia, found that the mother abused the subject child. The order of disposition, upon the fact-finding order and after a dispositional hearing, placed the subject child in the custody of the Commissioner of Social Services until the completion of the next permanency hearing.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition, and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements, as the period of placement has expired (see Matter of Dior Z.J. [Dior J.], 139 AD3d 1065, 1066 [2016]; Matter of Amina I.J. [Chantilly J.], 134 AD3d 938, 939 [2015]; Matter of Grayson J. [Sharon H.], 119 AD3d 575, 575 [2014]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

When the subject child was three months old, the mother took her to a hospital where she was diagnosed with multiple, unexplained skeletal fractures. The petitioner thereafter commenced this proceeding alleging that the mother and the child's childcare provider had abused the child. After fact-finding and dispositional hearings, the Family Court determined that the mother and the childcare provider abused the child and placed the child in the custody of the Commissioner of Social Services until the completion of the next permanency hearing.

The Family Court Act defines an abused child, inter alia, as

a child whose parent, or other person legally responsible for his or her care, "(i) inflicts or allows to be inflicted upon such child physical injury by other than accidental means which causes or creates a substantial risk of death, or serious or protracted disfigurement, or protracted impairment of physical or emotional health or protracted loss or impairment of the function of any bodily organ, or (ii) creates or allows to be created a substantial risk of physical injury to such child by other than accidental means which would be likely to cause [such injury]" (Family Ct Act § 1012 [e]). Family Court Act § 1046 (a) (ii) provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child that would ordinarily not occur absent an act or omission of the respondents, and (2) that the respondents were the caretakers of the child at the time the injury occurred (*see Matter of Philip M.*, 82 NY2d 238, 243 [1993]; *Matter of Davion E. [Latoya E.]*, 139 AD3d 944, 946 [2016]; *Matter of Maria S. [Angelo S.]*, 135 AD3d 944, 945 [2016]). "A parent who stands by while others inflict harm may be found responsible for that harm" (*Matter of Amirah L. [Candice J.]*, 118 AD3d 792, 793 [2014]).

Section 1046 (a) (ii) "authorizes a method of proof which is closely analogous to the negligence rule of res ipsa loquitur" (*Matter of Philip M.*, 82 NY2d at 244; *see Matter of Miguel G. [Navil G.]*, 134 AD3d 711 [2015]; *Matter of Stephen Daniel A. [Sandra M.]*, 122 AD3d 834, 835 [2014]). The statute also permits findings of abuse against more than one caretaker where multiple individuals had access to the child in the period in which the injury occurred (*see Matter of Philip M.*, 82 NY2d at 245; *Matter of Maria S. [Angelo S.]*, 135 AD3d at 945; *Matter of Nyheem E. [Jamila G.]*, 134 AD3d 517, 518 [2015]; *Matter of Matthew O. [Kenneth O.]*, 103 AD3d 67, 74-75 [2012]). In such cases, the petitioner is not required to establish which caregiver actually inflicted the injury or whether they did so together (*see Matter of Nyheem E. [Jamila G.]*, 134 AD3d at 518; *Matter of Matthew O. [Kenneth O.]*, 103 AD3d at 74-75).

Here, the petitioner established a prima facie case of child abuse (*see Matter of Davion E. [Latoya E.]*, 139 AD3d at 946; *Matter of David R.*, 39 AD3d 1187, 1188 [2007]). It was uncontested that the injuries suffered by the child were the result of abuse and that only the mother and the childcare provider had access to her in the relevant period. The mother failed to rebut the presumption of parental culpability (*see Matter of Philip M.*, 82 NY2d at 244-245; *Matter of Matthew O. [Kenneth O.]*, 103 AD3d at 75-76).

Accordingly, the Family Court properly determined that the

mother abused the subject child. Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.