Matter of Melody Marie A. (Dana B.) (2018 NY Slip Op 03596)





Matter of Melody Marie A. (Dana B.)


2018 NY Slip Op 03596


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Acosta, P.J., Tom, Mazzarelli, Kern, Singh, JJ.


6602 6601

[*1]In re Melody Marie A. (Anonymous), A Child Under the Age of Eighteen Years, etc., Dana B., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Law Office of Cabelly & Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Ellen Ravitch of counsel), for respondent.
Larry S Bachner, New York, attorney for the child.



Order of disposition, Family Court, Bronx County (Carol R. Sherman, J.), entered on or about May 24, 2016, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about March 14, 2016, finding, after a hearing, that respondent mother neglected the subject child, unanimously affirmed, without costs. Appeal from the fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
Petitioner made a prima facie showing of neglect by submitting evidence demonstrating that the injuries sustained by the child would not ordinarily have been sustained except by reason of the acts or omissions of the mother or the child's uncle, who were both responsible for the child's care (see Family Ct Act § 1046[b][ii]; Matter of Philip M., 82 NY2d 238, 243 [1993]; Matter of Nyheem E. [Jamila G.], 134 AD3d 517, 518 [1st Dept 2015]). Petitioner presented the testimony of an expert in pediatric abuse, who testified that the child's injuries  including hematomas on her head and under her eye, bleeding inside the ear, and bleeding under the scalp from hair pulling would ordinarily not have been sustained except by reason of a caretaker's acts or omissions (Family Court Act § 1046[a][ii]). Since both the mother and uncle were caretakers, petitioner was not required to establish whether the mother or the uncle inflicted the injuries, or whether they did so together (see Nyheem E. at 518; Matter of Radames S. [Maria I.], 112 AD3d 433, 434 [1st Dept 2013]).
The burden having shifted to the mother, she failed to rebut petitioner's showing, and her denial of fault was insufficient to rebut the agency's prima facie case (Nyheem E. at 518). Family Court's determination that the mother's account, which was replete with inconsistencies, was not credible is entitled to great deference (see Matter of Jared S. [Monet S.], 78 AD3d 536 [1st Dept 2010], lv denied 16 NY3d 705 [2011]).
The agency's evidence also showed that the mother medically neglected the child by failing to obtain prompt medical attention for her, even though she knew that the child was bleeding and badly bruised (see Family Court Act 1012[f][i][A]; Nyheem E. at 518).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK