Matter of Unity T. (Dennis T.) (2018 NY Slip Op 07437)





Matter of Unity T. (Dennis T.)


2018 NY Slip Op 07437


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2016-11844
 (Docket Nos. N-2095-16, N-2096-16, N-2097-16, N-2098-16, N-2099-16, N-2100-16, N-2101-16, N-2102-16, N-2103-16, N-2104-16)

[*1]In the Matter of Unity T. (Anonymous). Ulster County Department of Social Services, petitioner-respondent; Dennis T. (Anonymous), et al., appellants, et al., respondents. (Proceeding No. 1)
In the Matter of Joleda T. (Anonymous). Ulster County Department of Social Services, petitioner-respondent; Dennis T. (Anonymous), et al., appellants, et al., respondents. (Proceeding No. 2)
In the Matter of Dyani T. (Anonymous). Ulster County Department of Social Services, petitioner-respondent; Dennis T. (Anonymous), et al., appellants, et al., respondents. (Proceeding No. 3)
In the Matter of Dennis T. (Anonymous), Jr. Ulster County Department of Social Services, petitioner-respondent; Dennis T. (Anonymous), et al., appellants, et al., respondents. (Proceeding No. 4)
In the Matter of Andrew T. (Anonymous). Ulster County Department of Social Services, petitioner-respondent; Dennis T. (Anonymous), et al., appellants, et al., respondents. (Proceeding No. 5)
In the Matter of Steven L. (Anonymous), Jr. Ulster County Department of Social Services, petitioner-respondent; Dennis T. (Anonymous), et al., appellants, et al., respondents. (Proceeding No. 6)



Kevin Gomez, Middletown, NY, for appellant Dennis T.
Philip H. Schnabel, Chester, NY, for appellant Tonya K.
Langdon C. Chapman, Goshen, NY, for petitioner-respondent.
Karen M. Jansen, White Plains, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Dennis T. and Tonya K. separately appeal from an order of fact-finding and disposition of the Family Court, Orange County (Lori Currier Woods, J.), dated October 11, 2016. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that Dennis T. and Tonya K. abused the child Steven L., Jr., and that Dennis T. derivatively neglected the child Unity T.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
When the child Steven L., Jr. (hereinafter Steven L.), was four years old, his mother, Tanya K., brought him to a hospital with severe bruising and swelling injuries to his scrotum and penis, and bruising on his left torso, right thigh, and the tops of both his feet. At the time the child incurred the injuries, he and his mother had been residing in a motel along with his mother's sister, Tonya K., Dennis T. and his wife, Deboara T., and Dennis and Deboara's biological child, Unity T. Tonya K. met Dennis T. and Deboara T. on the social media site Plenty of Fish, at which time they proceeded to travel to Florida on a vacation. They then traveled back north to pick up Tanya K., and her son, Steven L., and the group traveled to New York, staying in various motels.
The petitioner commenced these child protective proceedings against the mother, Tanya K., and the three other adults, Dennis T., Deboara T., and Tonya K., alleging, inter alia, that they had abused Steven L., and that Dennis T. and Deboara T. derivatively abused their child Unity T. Prior to the court rendering its determination on the fact-finding hearing, Deboara T. consented to the entry of a finding of neglect against her as to Unity T. and Steven L. After fact-finding and dispositional hearings, the Family Court determined, inter alia, that the mother, Tanya K., Dennis T., and Tonya K. abused Steven L. and that Dennis T. derivatively neglected Unity T. Dennis T. and Tonya K. appeal.
Contrary to Dennis T.'s contention, the Family Court properly found him to be a person legally responsible for the child Steven L. within the meaning of the Family Court Act (see Family Ct Act § 1012[g]; Matter of Yolanda D., 88 NY2d 790, 796; Matter of Isaiah L. [Chris B.], 119 AD3d 797, 798). "A person is a proper respondent in an article 10 proceeding as an other person legally responsible for the child's care' if that person acts as the functional equivalent of a parent in a familial or household setting" (Matter of Yolanda D., 88 NY2d at 796; see Matter of Isaiah L.[Chris B.], 119 AD3d at 798). "Determining whether a particular person has acted as the functional equivalent of a parent is a discretionary, fact-intensive inquiry which will vary according to the particular circumstances of each case" (Matter of Yolanda D., 88 NY2d at 796; see Matter of Isaiah L.[Chris B.], 119 AD3d at 798). "Factors such as the frequency and nature of the contact between the child and respondent, the nature and extent of the control exercised by the respondent over the child's environment, the duration of the respondent's contact with the child, and the respondent's relationship to the child's parent(s) are some of the variables which should be considered and weighed by a court in determining whether a respondent fits within the catch-all category of section 1012 (g)" (Matter of Yolanda D., 88 NY2d at 796; see Matter of Isaiah L.[Chris B.], 119 AD3d at 798).
Although Steven L. and his mother had moved from South Carolina into a motel with Dennis T. in New York only two weeks prior to the filing of the petition, Dennis T. nonetheless assumed parental responsibilities during that time (see Matter of Isaiah L.[Chris B.], 119 AD3d at 798-799). During the relevant period, Dennis T. participated in Steven L.'s care and was a regular member of Steven L.'s household, acting as the functional equivalent of a parent.
Further, the Family Court's findings of abuse of Steven L. made against Dennis T. [*2]and Tonya K. were supported by a preponderance of the evidence. The Family Court Act defines an abused child, inter alia, as a child whose parent, or other person legally responsible for his or her care, "(i) inflicts or allows to be inflicted upon such child physical injury by other than accidental means which causes or creates a substantial risk of death, or serious or protracted disfigurement, or protracted impairment of physical or emotional health or protracted loss or impairment of the function of any bodily organ or (ii) creates or allows to be created a substantial risk of physical injury to such child by other than accidental means which would be likely to cause [such injury]" (Family Ct Act § 1012[e][i], [ii]). "Family Court Act § 1046(a)(ii) provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child that would ordinarily not occur absent an act or omission of the respondents, and (2) that the respondents were the caretakers of the child at the time the injury occurred" (Matter of Zoey D., 148 AD3d 802, 803; see Matter of Philip M., 82 NY2d 238, 243).
Section 1046(a)(ii) of the Family Court Act "authorizes a method of proof which is closely analogous to the negligence rule of res ipsa loquitur" (Matter of Philip M., 82 NY2d at 244; see Matter of Zoey D. [Simona D.], 148 AD3d at 803). "The statute also permits findings of abuse against more than one caretaker where multiple individuals had access to the child in the period in which the injury occurred" (Matter of Zoey D. [Simona D.], 148 AD3d at 803; see Matter of Philip M., 82 NY2d at 245). "In such cases, the petitioner is not required to establish which caregiver actually inflicted the injury or whether they did so together" (Matter of Zoey D. [Simona D.], 148 AD3d at 803; see Matter of Nyheem E. [Jamila G.], 134 AD3d 517, 518). "[Once] the petitioner establishes a prima facie case of abuse the burden of going forward shifts to respondents to rebut the evidence of . . . culpability, although the burden of proof always remains with the petitioner" (Matter of Angelica A. [Jasmin H.], 126 AD3d 965, 966 [internal quotation marks omitted]; see Matter of Phillip M., 82 NY2d at 244).
Here, the petitioner established a prima facie case of child abuse (see Matter of Zoey D. [Simona D.], 148 AD3d at 803; Matter of Davion E. [Latoya E.], 139 AD3d 944, 946). It was uncontested that the injuries sustained by Steven L. were the result of abuse and that only the mother, Dennis T., Deboara T., and Tonya K. had access to him in the relevant period. Dennis T. and Tonya K. failed to rebut the presumption of culpability (see Matter of Philip M., 82 NY2d at 244-245; Matter of Zoey D. [Simona D.], 148 AD3d at 803). Accordingly, we agree with the Family Court's determination that Dennis T. and Tonya K. abused Steven L.
Moreover, we agree with the Family Court's determination that Dennis T. derivatively neglected Unity T. (see Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 774-775).
Tonya K.'s remaining contentions are without merit.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court