Matter of Ahren B.-N. (Gary B.-N.) (2023 NY Slip Op 06646)

Matter of Ahren B.-N. (Gary B.-N.)

2023 NY Slip Op 06646

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, OGDEN, GREENWOOD, AND NOWAK, JJ.

912 CAF 22-00321

[*1]IN THE MATTER OF AHREN B.-N. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; GARY B.-N., RESPONDENT-APPELLANT, AND SELENA B.-N., RESPONDENT.

STEPHANIE R. DIGIORGIO, UTICA, FOR RESPONDENT-APPELLANT.
PETER M. RAYHILL, COUNTY ATTORNEY, UTICA (DEANA D. GATTARI OF COUNSEL), FOR PETITIONER-RESPONDENT.
WALTER BURKARD, MANLIUS, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Oneida County (Julia Brouillette, J.), entered April 5, 2022, in a proceeding pursuant to Family Court Act article 10. The order, among other things, continued placement of the subject child with petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order of disposition that, inter alia, determined that he neglected the subject child. We affirm.
Contrary to the father's contention, Family Court did not err in determining that petitioner established that the father neglected the child. To establish neglect, petitioner was required to show, by a preponderance of the evidence, " 'first, that [the] child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship' " (Matter of Jayla A. [Chelsea K.—Isaac C.], 151 AD3d 1791, 1792 [4th Dept 2017], lv denied 30 NY3d 902 [2017], quoting Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see Family Ct Act § 1012 [f] [i]). The court's "findings of fact are accorded deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Jeromy J. [Latanya J.], 122 AD3d 1398, 1398-1399 [4th Dept 2014], lv denied 25 NY3d 901 [2015] [internal quotation marks omitted]; see Matter of Arianna M. [Brian M.], 105 AD3d 1401, 1401 [4th Dept 2013], lv denied 21 NY3d 862 [2013]; Matter of Shaylee R., 13 AD3d 1106, 1106 [4th Dept 2004]).
We conclude that a sound and substantial basis in the record supports the court's finding that the child was "in imminent danger of impairment as a result of [the father's] failure to exercise a minimum degree of care" in providing the child with adequate food and medical care (Jeromy J., 122 AD3d at 1399 [internal quotation marks omitted]; see Matter of Nadjmaah S.B. [Aleshia R.M.], 140 AD3d 1058, 1058-1059 [2d Dept 2016], lv denied 29 NY3d 901 [2017]). Petitioner's evidence established that the child was severely underweight and exhibited signs of malnutrition and that, despite their awareness of the child's condition, the father and respondent mother did not comply with medical instructions about feeding the child (see Matter of Dustin B., 24 AD3d 1280, 1281 [4th Dept 2005]; Matter of Rakim W., 17 AD3d 376, 377-378 [2d Dept 2005], lv denied 5 NY3d 703 [2005]). The court credited the testimony of petitioner's witnesses and properly drew
" 'the strongest possible negative inference' against the father after he failed to testify at the fact-finding hearing" (Matter of Kennedie M. [Douglas M.], 89 AD3d 1544, 1545 [4th Dept 2011], lv denied 18 NY3d 808 [2012]; see Matter of Noah C. [Greg C.], 192 AD3d 1676, 1678 [4th Dept 2021]; Matter of Brittany W. [Patrick W.], 103 AD3d 1217, 1218 [4th Dept 2013]). We reject the father's contention that the evidence did not establish that the child's malnourished state was attributable specifically to his actions. Petitioner established that the father "resided in the same household with the child[ ] and the[ ] mother," that he "was aware that the mother was unable to provide the child[ ] with adequate nutrition and that his assistance was critical to the health of his child[ ]," and that he "was reluctant, and sometimes unwilling, to offer his assistance in ensuring that his child[ ] received proper nourishment" (Dustin B., 24 AD3d at 1281). Petitioner thereby established that the father "knew or should have known of circumstances requiring action to avoid harm or risk of harm to the child and failed to act accordingly" (Matter of Raven B. [Melissa K.N.], 115 AD3d 1276, 1278 [4th Dept 2014] [internal quotation marks omitted]).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court