Matter of Jaycob S. (2024 NY Slip Op 03595)

Matter of Jaycob S.

2024 NY Slip Op 03595

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

238 CAF 22-00925

[*1]IN THE MATTER OF JAYCOB S. AND JAYMES S. STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JANICE M., AND ROBERT M.M., II, RESPONDENTS-APPELLANTS. (APPEAL NO. 1.)

MULLEN ASSOCIATES PLLC, BATH (ALAN P. REED OF COUNSEL), FOR RESPONDENT-APPELLANT ROBERT M.M., II.
THOMAS L. PELYCH, HORNELL, FOR RESPONDENT-APPELLANT JANICE M.
MARY HOPE BENEDICT, BATH, ATTORNEY FOR THE CHILDREN.

Appeals from an order of the Family Court, Steuben County (Philip J. Roche, J.), entered December 27, 2021, in a proceeding pursuant to Family Court Act article 10. The order, among other things, placed the subject children in the custody of petitioner and issued "a complete stay-away order of protection" on behalf of the subject children against both respondents. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the order of protection against respondent Robert M.M., II, and as modified the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondents maternal grandfather and his stepsister appeal, in appeal No. 1, from an order that, inter alia, placed Jaymes S. and Jaycob S. in the custody of petitioner. In appeal No. 2, respondents appeal from an order that, inter alia, placed Jaylynn J. in the custody of petitioner. In each order, Family Court issued "a complete stay-away order of protection . . . on behalf of the children" against respondents.
"Family Court Act § 1046 (a) (ii) provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of [the] respondents, and (2) that [the] respondents were the caretakers of the child at the time the injury occurred" (Matter of Grayson R.V. [Jessica D.], 200 AD3d 1646, 1648 [4th Dept 2021], lv denied 38 NY3d 909 [2022] [internal quotation marks omitted]; see Matter of Philip M., 82 NY2d 238, 243 [1993]; Matter of Nancy B., 207 AD2d 956, 957 [4th Dept 1994]). Contrary to respondents' contention in appeal No. 2, petitioner established that Jaylynn J. suffered numerous injuries that "would ordinarily not occur absent an act or omission of respondents" (Philip M., 82 NY2d at 243). Section 1046 (a) (ii) "authorizes a method of proof which is closely analogous to the negligence rule of res ipsa loquitur" (Philip M., 82 NY2d at 244). Although the burden of proving child abuse or neglect rests with the petitioner (see id.; Matter of Mary R.F. [Angela I.], 144 AD3d 1493, 1493 [4th Dept 2016], lv denied 28 NY3d 915 [2017]), once the petitioner "has established a prima facie case, the burden of going forward shifts to [the] respondents to rebut the evidence of . . . culpability" (Philip M., 82 NY2d at 244; see generally Matter of Devre S. [Carlee C.], 74 AD3d 1848, 1849 [4th Dept 2010]). Not only did petitioner elicit medical testimony of Jaylynn J.'s injuries to establish its prima facie case, but it also elicited testimony of the children's disclosures of physical abuse inflicted on Jaylynn J. at the hands of respondents. Petitioner further established that Jaylynn J. failed to receive adequate nutrition in respondents' care (see Matter of Ahren B.-N. [Gary B.-N.], 222 AD3d 1403, 1405 [4th Dept 2023]; Matter of Dustin B., 24 AD3d 1280, 1281 [4th Dept [*2]2005]). Respondents failed to rebut the evidence of culpability.
Contrary to respondents' further contention, we conclude that the court did not impermissibly place the burden of proof on them. Rather, the court's decision reflects that it properly considered whether respondents had rebutted the evidence of their culpability (see Philip M., 82 NY2d at 244).
Contrary to respondents' contention in appeal No. 1, the court properly determined that respondents derivatively neglected Jaymes S. and Jaycob S. Pursuant to Family Court Act § 1046 (a) (i), "proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, [a] respondent." "In order [t]o sustain a finding of derivative neglect, the prior finding must be so proximate in time to the derivative proceeding so as to enable the factfinder to reasonably conclude that the condition still exists . . . ; however, there is no bright-line, temporal rule beyond which [this Court] will not consider older child protective determinations" (Matter of Sean P. [Sean P.], 162 AD3d 1520, 1520 [4th Dept 2018], lv denied 32 NY3d 905 [2018] [internal quotation marks omitted]). We conclude that the evidence adduced at the fact-finding hearing concerning Jaylynn J. indicates that Jaymes S. and Jaycob S. were "equally at risk" (Matter of Marino S., 100 NY2d 361, 374 [2003], cert denied 540 US 1059 [2003]).
We agree with respondent grandfather, however, in appeal Nos. 1 and 2, that the court erred in imposing orders of protection against him pursuant to Family Court Act § 1056 (4). "Subdivision (4) of [Family Court Act] section 1056 allows a court to issue an independent order of protection . . . , but only against a person . . . who is not related by blood or marriage to the child" (Matter of Kayla K. [Emma P.-T.], 204 AD3d 1412, 1414 [4th Dept 2022] [internal quotation marks omitted]). We therefore modify the order in each appeal accordingly.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court