Matter of David K. W. (Debora W.) (2025 NY Slip Op 04656)

Matter of David K. W. (Debora W.)

2025 NY Slip Op 04656

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-00328
 (Docket No. N-6019-22)

[*1]In the Matter of David K. W. (Anonymous). Suffolk County Department of Social Services, respondent; Debora W. (Anonymous), appellant.

Del Atwell, East Hampton, NY, for appellant.
Christopher J. Clayton, County Attorney, Central Islip, NY (Jayne M. St. James of counsel), for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Suffolk County (Caren Loguercio, J.), dated December 19, 2023. The order of fact-finding, after a fact-finding hearing, found that the mother neglected the subject child.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
In May 2022, the petitioner, Suffolk County Department of Social Services, commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the subject child, born in March 2022, by failing to provide the child with adequate nutritional intake and failing to follow through with recommendations made by medical professionals, which led to a diagnosis of failure to thrive. Additionally, the petitioner alleged that the mother neglected the child as a result of her mental health condition. In an order of fact-finding dated December 19, 2023, after a fact-finding hearing, the Family Court found that the mother neglected the child. The mother appeals.
"At a fact-finding hearing in a proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected" (Matter of Ester K. [Marina U.], 233 AD3d 868, 869). "A party seeking to establish neglect must show, by a preponderance of the evidence, that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired and that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with adequate care or proper supervision or guardianship" (Matter of Nicholas M. [Robert M.], 224 AD3d 689, 691; see Family Ct Act §§ 1012[f][i]; 1046[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 368). "Courts must evaluate parental behavior objectively by considering whether a reasonable and prudent parent [would] have so acted, or failed to act, under the circumstances then and there existing" (Matter of Abigail M.A. [*2][James A.], 222 AD3d 973, 975 [internal quotation marks omitted]; see Matter of David J. [Danielle J.], 236 AD3d 786, 788). Further, while "evidence of a parent's mental illness, alone, is insufficient to support a finding of neglect of a child, such evidence may be part of a neglect determination when the proof further demonstrates that the parent's condition creates an imminent risk of physical, mental, or emotional harm to the child" (Matter of Rayvin G. [Arlasha G.], 237 AD3d 933, 935 [internal quotation marks omitted]; see Matter of David J. [Danielle J.], 236 AD3d at 789). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Zaniah T. [Deshaun T.], 216 AD3d 1173, 1174 [internal quotation marks omitted]).
Here, the petitioner established by a preponderance of the evidence that the mother neglected the child. The totality of the evidence, including the medical testimony concerning the physical condition of the child, the steady improvement in the child's weight during the child's hospitalization, and the mother's hostility toward and resistance to following the medical advice of medical professionals, established that the child's failure to thrive was a consequence of the mother's failure to properly feed him (see Matter of Isaiah L. [Chris B.], 119 AD3d 797, 799; Matter of Kayla C., 19 AD3d 692, 692-693; Matter of Camara R., 263 AD2d 710, 712).
The mother's contention that the child's failure to thrive was attributed to "the improper advice and flawed instructions" that the mother received from the child's medical providers is unpreserved for appellate review as the mother failed to raise it before the Family Court (see Matter of Jasmine F.R. [Nizardo R.], 237 AD3d 829, 831). In any event, the mother's contention is contradicted by the record, which demonstrated that the mother missed crucial appointments and exhibited recalcitrance in following the recommendations of medical professionals (see Matter of Izabela S. [Angelica A.], 155 AD3d 446, 447; Matter of Josephine BB. [Rosetta BB.], 114 AD3d 1096, 1097-1099).
Further, the evidence presented by the petitioner at the fact-finding hearing demonstrated a causal connection between the mother's mental health condition and an imminent risk of harm to the child (see Matter of Kamaya S. [Zephaniah S.], 218 AD3d 590, 592; Matter of Briana S. [Laqueena S.], 91 AD3d 447, 447-448).
Accordingly, the Family Court properly found that the mother neglected the child.
DILLON, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court