Matter of Amir A. (Matthew C.--Kristyle Z.) (2020 NY Slip Op 07127)





Matter of Amir A. (Matthew C.--Kristyle Z.)


2020 NY Slip Op 07127


Decided on December 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 01, 2020

Before: Gische, J.P., Webber, Oing, Mendez, JJ. 


Docket No. NA-08293-16 Appeal No. 12495-12496 Case No. 2019-855 2018-3040 

[*1]In the Matter of Amir A., A Child Under Eighteen Years of Age, etc., Matthew C., and Kristyle Z., Respondents-Appellants, Administration for Children's Services, Petitioner-Respondent.


The Law Offices of Salihah R. Denman, PLLC, Harrison (Salihah R. Denman of counsel), for Matthew C., appellant.
Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for Kristyle Z., appellant.
James E. Johnson, Corporation Counsel, New York (Julie Steiner of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the child.



Order of disposition, Family Court, Bronx County (Valerie A. Pels, J.), entered on
or about November 5, 2018, insofar as it brings up for review a fact-finding order, same court [*2]and Judge, entered on or about May 3, 2018, which, after a hearing, determined that appellant Matthew C. was a person legally responsible for the subject child, and that he and the child's mother, respondent Kristyle Z., abused the subject child, unanimously affirmed, without costs.
The evidence supports the court's finding that appellant Matthew C. was a person legally responsible for the subject child within the meaning of the Family Court Act § 1012(g). Appellant Matthew C. testified that he resided with the mother and child for a number of months. According to Matthew C., the child referred to him as "daddy," and he treated the child like his son. He stated that he fed the child, cleaned him, taught him how to speak, and took care of him on at least two occasions for multiple hours (see Matter of Kevin N., 113 AD3d 524 [1st Dept 2014]).
Petitioner satisfied its burden of making an initial prima facie showing of abuse by introducing expert medical testimony establishing that the child was hospitalized with trauma to his abdomen, damage to his liver, spleen, and pancreas, and bruising to his ribs, legs, back and cheek, as well as swelling on his scalp, and that his injuries were the result of nonaccidental trauma that would ordinarily not be sustained or exist except by reason of the acts or omissions of the mother or Matthew C. (see Matter of Philip M., 82 NY2d 238, 243 [1993]; Matter of Syriah J. [Esther J.], 153 AD3d 430 [1st Dept 2017]). The agency was not required to establish whether the mother or Matthew C. inflicted the injuries, or whether they did so together (see Matter of Matthew O. [Kenneth O.], 103 AD3d 67, 75-76 [1st Dept 2012]).
Respondents failed to rebut the presumption of culpability with a credible and reasonable explanation of how the child suffered injuries to his internal organs, or otherwise demonstrate that they were not guilty of abuse. Respondents' attempts to blame each other or the child's father were insufficient. We see no reason to depart from the general rule of deferring to the hearing court's credibility findings (see Matter of Nasir J. v Naomi J.,35 AD3d 299 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2020