Matter of Travis S. (Moezel J.) (2022 NY Slip Op 01429)





Matter of Travis S. (Moezel J.)


2022 NY Slip Op 01429


Decided on March 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 08, 2022

Before: Acosta, P.J., Renwick, Webber, Kern, Friedman, JJ. 


Docket No. NA-28687/18 Appeal No. 15473-15473A Case No. 2021-00667 

[*1]In the Matter of Travis S., a Child Under Eighteen Years of Age, etc., Moezel J., Respondent-Appellant, Taijon S. et al., Respondents-Respondents, Administration for Children's Services, Petitioner-Respondent.


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Steven N. Feinman, White Plains, for Taijon S., respondent.
Georgia M. Pestana, Corporation Counsel, New York (Diana Lawless of counsel), for Administration for Children's Services, respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.



Order of disposition, Family Court, Bronx County (Michael R. Milsap, J.), entered on about November 24, 2020, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about April 27, 2020, that respondent mother abused the subject child, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence supports the Family Court's finding of abuse (see Family Court Act § 1046[b][i]). Petitioner made a prima facie showing of abuse through medical records and expert medical testimony establishing that the six-week-old child presented to the hospital with a left eye injury, bruising, and a distended stomach and was found to be underweight and to have healing rib fractures of multiple ages and a lacerated liver; the expert opined that the child's injuries and conditions, taken together, would not ordinarily occur absent an act or omission of his caretakers, and the mother was one of the child's caretakers from his birth (see Family Court Act §1046[a][ii]; Matter of Amir A. [Matthew C.], 189 AD3d 401 [1st Dept 2020]; Matter of Philip M., 82 NY2d 238, 243-244 [1993]). The mother offers no basis for disturbing the court's determination that the expert's testimony was credible, which is entitled to deference (see Matter of Elissa A. v Samuel B., 123 AD3d 638, 639 [1st Dept 2014]).
Nor does the mother offer a basis for disturbing the court's other credibility determinations. Even crediting her testimony and the testimony of respondents father and maternal grandmother about an incident involving the grandmother's dog, the rib fractures of varying ages and the child's eye condition, which was first noticed by respondents more than a week after the dog incident, remain unexplained (Matter of Vincent M., 193 AD2d 398, 402 [1st Dept 1993]). The mother did not establish when the six-week-old child's multiple injuries were sustained and thus failed to show that she was not caring for the child at the time the child was injured (see Matter of Matthew O. [Kenneth O.], 103 AD3d 67, 75 [1st Dept 2012]). The mother's focus on the time the child spent at the paternal grandmother's home does not avail her, since the record
supports a finding that she remained a caretaker of the child during that time.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 8, 2022