■ In the Matter of Kortney C., a Child Alleged to be Neglected. Administration for Children's Services, Respondent; Savitri L., Appellant, et al., Respondents. [770 NYS2d 758]—

In a child protective proceeding pursuant to Family Court Act article 10, Savitri L. appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (Salinitro, J.), dated August 29, 2002, as, after a hearing, granted the petition, entered a finding of neglect against her, and directed the issuance of a final order of protection against her.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Family Court Act § 1046 (a) (ii) provides that a prima facie case of child abuse or neglect is "established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of [the] respondents, and (2) that [the] respondents were the caretakers of the child at the time that the injury occurred" (*Matter of Philip M.,* 82 NY2d 238, 243 [1993]). After a prima facie case of neglect is established, the burden of going forward shifts to the caretakers to offer a reasonable explanation as to how the injury occurred (*see Matter of Marc A.,* 301 AD2d 595, 596 [2003]; *Matter of Philip M., supra,* at 244).

In this case, a prima facie case of neglect was established by expert medical testimony. An emergency room doctor testified that the seven-month-old child suffered a spiral fracture of the femur which could only have been caused by the intentional infliction of a twisting force to the child's leg. This is a sufficient factual basis for a finding of neglect (*cf. Matter of Brandyn P.,* 278 AD2d 533 [2000]). Since the testimony established that the baby was in the care of the appellant, Savitri L., at the time of the injury, the burden shifted to her to explain how the injury occurred. The appellant indicated that the child fell from a changing table and that she caught her on her stomach or by her arm, but she failed to tell either the parents or hospital personnel about the fall. The appellant did call the parents after the child began crying, and helped secure treatment for the child.

A medical expert testified that the spiral fracture could have been caused accidentally in two ways, either by the baby land-

ing on her leg after a fall or by being caught by the leg in mid-air after falling. This testimony contradicted the appellant's explanation, as she testified that the child did not hit the ground and she did not grab the child's leg at any point.

Accordingly, the Family Court's determination is supported by the record. Florio, J.P., Smith, Luciano and Rivera, JJ., concur.