■ In the Matter of ANGELICA A. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JASMIN H. et al., Appellants. (Proceeding No. 1.) In the Matter of KEVIN P., JR. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JASMIN H. et al., Appellants. (Proceeding No. 2.) [6 NYS3d 113]—

Appeals from an order of fact-finding of the Family Court, Orange County (Lori Currier Woods, J.), dated October 21,

2013. The order, after a hearing, determined that Jasmin H. and Kevin P., Sr., abused the child Angelica A. and neglected the child Kevin P., Jr.

Ordered that the order of fact-finding is affirmed, without costs or disbursements.

The Family Court Act defines an abused child, inter alia, as a child whose parent, or other person legally responsible for his or her care, "(i) inflicts or allows to be inflicted upon such child physical injury by other than accidental means which causes or creates a substantial risk of . . . protracted impairment of physical or emotional health" or "(ii) creates or allows to be created a substantial risk of physical injury to such child by other than accidental means which would be likely to cause . . . protracted impairment of physical or emotional health" (Family Ct Act § 1012 [e] [i], [ii]). The petitioner may establish a prima facie case of abuse through a method of proof "closely analogous to the negligence rule of res ipsa loquitur" (*Matter of Philip M.*, 82 NY2d 238, 244 [1993]; *see* Family Ct Act § 1046 [a] [ii]; *Matter of Stephen Daniel A. [Sandra M.]*, 122 AD3d 834 [2014]; *Matter of David T.-C. [Denise C.]*, 110 AD3d 1084 [2013]; *Matter of Jaiden T.G. [Shavonna D.-F.]*, 89 AD3d 1021 [2011]; *Matter of Fantaysia L.*, 36 AD3d 813, 814 [2007]). If the petitioner establishes a prima facie case of abuse, "the burden of going forward shifts to respondents to rebut the evidence of parental culpability," although the burden of proof always remains with the petitioner (*Matter of Philip M.*, 82 NY2d at 244; *see Matter of Aliyah G. [Arlenie G.]*, 95 AD3d 885 [2012]; *Matter of Fantaysia L.*, 36 AD3d at 814).

The record of the fact-finding hearing supports the Family Court's determination that Jasmin H. and Kevin P., Sr. (hereinafter together the appellants), abused Angelica A. A medical expert testified at the hearing that the explanations the appellants gave for Angelica's injuries were inconsistent with those injuries, and that there was no explanation for Angelica's various injuries other than abuse. The court credited this testimony, and did not credit the explanations offered at the hearing by the appellants. The hearing court's assessment of the witnesses' credibility is entitled to great weight on appeal, and will not be disturbed unless clearly unsupported by the record (*see Matter of Irene O.*, 38 NY2d 776, 777 [1975]; *Matter of Candacy C. [Clairmonte C.]*, 96 AD3d 836 [2012]; *Matter of Arianna L.*, 55 AD3d 733 [2008]). Here, the court's credibility determinations are supported by the record.

The record of the hearing also supports the Family Court's determination that the appellants neglected the infant Kevin

P., Jr., by failing to exercise a minimum degree of care "in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]). While the appellants and a caseworker offered differing versions of what happened when the caseworker attempted to remove the children from the appellants' custody, the court's decision to credit the caseworker's testimony is supported by the record (*see Matter of Kyanna T. [Winston R.]*, 99 AD3d 1011, 1013 [2012]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.