■ In the Matter of DAVION E. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LATOYA E., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of DEVINAJAE E. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LATOYA E., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of DIOVANNI E. ADMINISTRATION FOR CHILDREN'S SER-

vices, Respondent; LATOYA E., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of DEVIJANA E. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LATOYA E., Appellant, et al., Respondent. (Proceeding No. 4.) In the Matter of DEVINE E. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LATOYA E., Appellant, et al., Respondent. (Proceeding No. 5.) In the Matter of DONOVAN E. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LATOYA E., Appellant, et al., Respondent. (Proceeding No. 6.) [31 NYS3d 202]—

Appeal from an order of disposition of the Family Court, Richmond County (Karen B. Wolff, J.), dated October 2, 2014. The order of disposition, after a hearing, and upon the mother's failure to appear at the dispositional hearing, inter alia, placed the subject children in the custody of the Commissioner of Social Services of Richmond County until the completion of the next permanency hearing. The appeal from the order of disposition brings up for review so much of an order of fact-finding of that court dated July 28, 2014, as, after a hearing, found that the mother abused the child Diovanni E. and derivatively abused the children Davion E., Devinajae E., Devijana E., Devine E., and Donovan E.

Ordered that the mother's appeal from the order of disposition is dismissed, without costs or disbursements, except with respect to matters which were the subject of contest (*see* CPLR 5511; *Matter of Marchella P. [Loretta B.-B.]*, 137 AD3d 1286 [2016]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The petitioner commenced these child protective proceedings against the mother and the father of the subject children, alleging that they abused the then five-month-old child Diovanni E. at some point prior to the father taking him to a hospital's emergency room, where he was diagnosed with an unexplained spiral fracture of the right femur, and thereby derivatively abused Diovanni E.'s five siblings. In an order of fact-finding dated July 28, 2014, the Family Court found, after a hearing, that the mother and the father abused Diovanni E. and derivatively abused the other five subject children. In an order of disposition dated October 2, 2014, the Family Court, after a dispositional hearing at which the mother failed to appear, placed the subject children in the custody of the Commissioner of Social Services of Richmond County until the completion of the next permanency hearing. The mother appeals from the order of disposition.

Since the order of disposition was made upon the mother's failure to appear at the dispositional hearing, review is limited to matters which were the subject of contest in the Family Court (*see Matter of Marchella P. [Loretta B.-B.]*, 137 AD3d 1286, 1288 [2016]). Moreover, any challenge to the dispositional provisions would be academic inasmuch as the order of disposition has expired by its own terms (*see Matter of Yu F. [Fen W.]*, 122 AD3d 761, 762 [2014]). Accordingly, on this appeal, review is limited to the Family Court's finding that the mother abused Diovanni E. and derivatively abused the other subject children.

The Family Court Act defines an abused child, inter alia, as a child whose parent, or other person legally responsible for his or her care, "(i) inflicts or allows to be inflicted upon such child physical injury by other than accidental means which causes or creates a substantial risk of death, or serious or protracted disfigurement, or protracted impairment of physical or emotional health or protracted loss or impairment of the function of any bodily organ, or (ii) creates or allows to be created a substantial risk of physical injury to such child by other than accidental means which would be likely to cause [such injury]" (Family Ct Act § 1012 [e]). Family Court Act § 1046 (a) (ii) provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child that would ordinarily not occur absent an act or omission of the respondents, and (2) that the respondents were the caretakers of the child at the time the injury occurred (*see Matter of Philip M.*, 82 NY2d 238, 243 [1993]). "[O]nce a petitioner in a child abuse case has established a prima facie case, the burden of going forward shifts to respondents to rebut the evidence of parental culpability. But . . . the burden of proving child abuse always rests with petitioner" (*id.* at 244).

Here, the petitioner established a prima facie case of child abuse (*see Matter of David R.*, 39 AD3d 1187 [2007]; *Matter of New York City Dept. of Social Servs. v Carmen J.*, 209 AD2d 525 [1994]). The mother failed to provide a reasonable and adequate explanation for Diovanni E.'s injuries, or establish that the injuries took place when the child was in the exclusive care of someone other than herself (*see Matter of Maria S. [Angelo S.]*, 135 AD3d 944, 945 [2016]; *Matter of Matthew O. [Kenneth O.]*, 103 AD3d 67 [2012]). Accordingly, the Family Court properly determined that the mother abused Diovanni E. Moreover, the Family Court properly determined that the mother derivatively abused Diovanni E.'s siblings (*see Matter of Diamond K.*, 31 AD3d 553 [2006]; *see also Matter of Matthew O. [Kenneth O.]*, 103 AD3d at 76).

The mother's contention concerning permanent neglect is misplaced, as the order of fact-finding did not make a permanent neglect determination. Balkin, J.P., Dickerson, Sgroi and Maltese, JJ., concur.