Matter of Dallas P. (Allison B.) (2020 NY Slip Op 03664)





Matter of Dallas P. (Allison B.)


2020 NY Slip Op 03664


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-09171
2018-09172
2018-09173
 (Docket No. N-16781-15)

[*1]In the Matter of Dallas P. (Anonymous). Administration for Children's Services, petitioner-respondent; Allison P. (Anonymous), also known as 
and
Allison B. (Anonymous), appellant, et al., respondent.


Etta Ibok, Brooklyn, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and John Moore of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Diane Pazar of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (Connie Gonzalez, J.), dated February 7, 2018, (2) an order of disposition of the same court dated June 21, 2018, and (3) an order of protection of the same court also dated June 21, 2018. The order of fact-finding, after a hearing, found that the mother abused the subject child. The order of disposition, upon the order of fact-finding, inter alia, placed the mother, upon consent, under the supervision of the Administration for Children's Services for a period of 12 months under certain terms and conditions. The order of protection directed the mother, upon consent, not to use any corporal punishment on the subject child.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as placed the mother, upon consent, under the supervision of the Administration for Children's Services for a period of 12 months under certain terms and conditions is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without [*2]costs or disbursements; and it is further,
ORDERED that the appeal from the order of protection is dismissed, without costs or disbursements.
On Saturday, August 22, 2015, at 2:44 p.m. the mother and her boyfriend, Calvin B., arrived at Jamaica Hospital with the mother's then two-year-old son, the subject child, Dallas P., where he underwent emergency surgery to repair a ruptured bowel. The Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10 alleging, inter alia, that the mother had abused the child. At a fact-finding hearing, ACS presented the testimony of, among other witnesses, Edmond Kessler, the child's treating pediatric surgeon, who testified, inter alia, that faint bruises were observable on the child's torso under a "very bright light," that the only plausible explanation for the child's ruptured bowel was "one single high velocity traumatic event," and that the child had sustained the injury within the previous 6 to 24 hours of his hospitalization. The mother testified on her own behalf and presented the testimony of Simeon David, a pediatrician and expert in child abuse, who opined, based on the severity of the child's injury, that it was inflicted at some point "midday" or "before early afternoon" on the date of the child's admission to the hospital. The mother testified, inter alia, that she resided with Dallas P. in the home of the maternal grandparents, that the maternal grandparents had left the home the Thursday prior to the child's hospitalization to go on a cruise, and that Calvin B. and his biological daughter, Raven B., had been staying at the home since Thursday evening. The mother further testified that on August 22, 2015, at approximately noon, she had left the child in the care of Calvin B. for a period of approximately one hour.
After the hearing, the Family Court issued an order of fact-finding dated February 7, 2018, in which it found that the mother had abused the child. The mother waived her right to a dispositional hearing and consented to placement under the supervision of ACS for a period of 12 months under certain terms and conditions, as reflected in an order of disposition dated June 21, 2018. The court also issued an order of protection dated June 21, 2018, directing the mother, upon consent, not to use any corporal punishment on the child. The mother appeals from the order of fact-finding, the order of disposition, and the order of protection.
The appeal from the order of protection must be dismissed as no appeal lies from an order entered upon the consent of the appealing party (see Matter of Jeremiah J. [Selene A.C.], 177 AD3d 740, 741; Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d 953, 954; Matter of Eunice D. [James F.D.], 111 AD3d 627, 628). Similarly, the appeal from so much of the order of disposition as placed the mother, upon consent, under ACS supervision for a period of 12 months must also be dismissed (see Matter of Jeremiah J. [Selene A.C.], 177 AD3d at 741; Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d at 954; Matter of Eunice D. [James F.D.], 111 AD3d at 628). In any event, that portion of the order of disposition has been rendered academic, as it has expired (see Matter of Justin P. [Damien P.], 148 AD3d 903, 903; Matter of Shaquan A. [Fan Fan A.], 137 AD3d 1119, 1119). However, the appeal from so much of the order of disposition as brings up for review the finding of abuse in the order of fact-finding is not academic, since a finding of abuse constitutes a permanent and significant stigma, which might indirectly affect the mother's status in future proceedings (see Matter of Justin P. [Damien P.], 148 AD3d at 904; Matter of Ethan B. [Frederick B.], 130 AD3d 816, 817).
"At a fact-finding hearing, any determination that a child is an abused or neglected child must be based on a preponderance of the evidence" (Matter of D.S. [Shaqueina W.], 147 AD3d 856, 857; see Family Ct Act § 1046[b][i]). Family Court Act § 1046(a)(ii) "provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of respondents, and (2) that respondents were the caretakers of the child at the time the injury occurred" (Matter of Philip M., 82 NY2d 238, 243; see Family Ct Act § 1046[a][ii]). Family Court Act § 1046(a)(ii) "authorizes a method of proof which is closely analogous to the negligence rule of res ipsa loquitor" (Matter of Philip M., 82 NY2d at 244; see Matter of Unity T. [Dennis T.], 166 AD3d 629, 631). "The statute also permits findings of abuse against more than one caretaker where multiple individuals [*3]had access to the child in the period in which the injury occurred" (Matter of Zoey D. [Simona D.], 148 AD3d 802, 803; see Matter of Philip M., 82 NY2d at 245). " In such cases, the petitioner is not required to establish which caregiver actually inflicted the injury or whether they did so together'" (Matter of Unity T. [Dennis T.], 166 AD3d at 631-632, quoting Matter of Zoey D. [Simona D.], 148 AD3d at 803). " [Once] the petitioner establishes a prima facie case of abuse, the burden of going forward shifts to respondents to rebut the evidence of . . . culpability, although the burden of proof always remains with the petitioner'" (Matter of Unity T. [Dennis T.], 166 AD3d at 632, quoting Matter of Angelica A. [Jasmin H.], 126 AD3d 965, 966; see Matter of Philip M., 82 NY2d at 244).
Here, ACS established a prima facie case of child abuse against the mother by presenting evidence that the injury sustained by the child would ordinarily not occur absent an act or omission of a parent or caregiver, and that the mother was a caregiver of the child during the 24- hour period prior to his hospitalization when the injury occurred (see Matter of Nyair J. [Vernon J.], 155 AD3d 730, 732; Matter of Davion E. [Latoya E.], 139 AD3d 944, 946; Matter of Nyheem E. [Jamila G.], 134 AD3d 517, 518). Contrary to the mother's contention, she failed to rebut the presumption of culpability with evidence that the injury occurred when the child was in the exclusive care of Calvin B. (see Matter of Davion E. [Latoya E.], 139 AD3d at 946; Matter of Keijonte W. [Tamarra W.], 101 AD3d 890, 891; cf. Matter of Jordan T.R. [David R.], 113 AD3d 861, 863-864; Matter of Jaiden T.G. [Shavonna D.-F.], 89 AD3d 1021, 1022-1023). Accordingly, we agree with the Family Court's determination that the mother abused the child.
The mother's remaining contention is without merit.
MASTRO, J.P., COHEN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court