Matter of Kamryn R. (Natalie R.) (2020 NY Slip Op 06129)





Matter of Kamryn R. (Natalie R.)


2020 NY Slip Op 06129


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2019-04798 
2019-04799
 (Docket Nos. N-22966-16, N-22967-16)

[*1]In the Matter of Kamryn R. (Anonymous). Administration for Children's Services, petitioner- respondent; Natalie R. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Kyera R. (Anonymous). Administration for Children's Services, petitioner- respondent; Natalie R. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)


Cheryl Charles-Duval, Brooklyn, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Julia Bedell of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Amy Hausknecht of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (Mildred T. Negron, J.), dated August 24, 2018, and (2) an order of disposition of the same court (Emily Ruben, J.) dated March 22, 2019. The order of fact-finding, insofar as appealed from, after a hearing, found that the mother abused the child Kamryn R. and derivatively abused the child Kyera R. The order of disposition, insofar as appealed from, upon the order of fact-finding, inter alia, upon consent, placed the mother under the supervision of the Administration for Children's Services for a period of nine months under certain terms and conditions.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as placed the mother, upon consent, under the supervision of the Administration for Children's Services for a period of nine months under certain terms and conditions is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs [*2]or disbursements.
On November 21, 2016, the mother took the child Kamryn R. to a hospital, where Kamryn R. was diagnosed with a fractured tibia. The Administration for Children's Services (hereinafter ACS) commenced the instant proceedings alleging that the mother and the father abused Kamryn R. and derivatively abused the child Kyera R. After a hearing, the Family Court found that the mother and the father abused Kamryn R. and derivatively abused Kyera R. In an order of disposition, the court, inter alia, placed the mother, upon consent, under the supervision of ACS for a period of nine months under certain terms and conditions. The mother appeals from the order of fact-finding and the order of disposition.
The appeal from so much of the order of disposition as placed the mother, upon consent, under the supervision of ACS for a period of nine months must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see Matter of Dallas P. [Allison P.], 185 AD3d 589; Matter of Jeremiah J. [Selene A.C.], 177 AD3d 740, 741). In any event, that portion of the order of disposition has been rendered academic because the period of supervision has expired (see Matter of Dallas P. [Allison P.], 185 AD3d 589; Matter of Jeremiah J. [Selene A.C.], 177 AD3d at 741). However, the appeal from so much of the order of disposition as brings up for review the finding of abuse in the order of fact-finding is not academic, since a finding of abuse constitutes a permanent and significant stigma, which might indirectly affect the mother's status in future proceedings (see Matter of Dallas P. [Allison P.], 185 AD3d 589; Matter of Justin P. [Damien P.], 148 AD3d 903, 904).
"'At a fact-finding hearing, any determination that a child is an abused or neglected child must be based on a preponderance of the evidence'" (Matter of Dallas P. [Allison P.], 185 AD3d at 591, quoting Matter of D.S. [Shaqueina W.], 147 AD3d 856, 857; see Family Ct Act § 1046[b][i]). Family Court Act § 1046(a)(ii) "provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of respondents, and (2) that respondents were the caretakers of the child at the time the injury occurred" (Matter of Philip M., 82 NY2d 238, 243; see Family Ct Act § 1046[a][ii]; Matter of Dallas P. [Allison P.], 185 AD3d at 589). Family Court Act § 1046(a)(ii) "authorizes a method of proof which is closely analogous to the negligence rule of res ipsa loquitur" (Matter of Philip M., 82 NY2d at 244; see Matter of Zoey D. [Simona D.], 148 AD3d 802, 803; Matter of Miguel G. [Navil G.], 134 AD3d 711, 711). "'The statute also permits findings of abuse against more than one caretaker where multiple individuals had access to the child in the period in which the injury occurred'" (Matter of Unity T. [Dennis T.], 166 AD3d 629, 631, quoting Matter of Zoey D. [Simona D.], 148 AD3d at 803). "In such cases, the petitioner is not required to establish which caregiver actually inflicted the injury or whether they did so together" (Matter of Zoey D. [Simona D.], 148 AD3d at 803; see Matter of Nyheem E. [Jamila G.], 134 AD3d 517, 518). "[Once] the petitioner establishes a prima facie case of abuse, the burden of going forward shifts to respondents to rebut the evidence of . . . culpability, although the burden of proof always remains with the petitioner" (Matter of Unity T. [Dennis T.], 166 AD3d at 632 [internal quotation marks omitted]; see Matter of Philip M., 82 NY2d at 244; Matter of Angelica A. [Jasmin H.], 126 AD3d 965, 966).
Here, ACS established a prima facie case of child abuse against the mother by presenting evidence that the injury sustained by Kamryn R. would not ordinarily occur absent an act or omission of the caregiver, and that the mother was a caregiver of the child during the relevant time period (see Matter of Davion E. [Latoya E.], 139 AD3d 944, 946; Matter of Robert A. [Kelly K.], 109 AD3d 611, 612; Matter of Amire B. [Selika B.], 95 AD3d 632, 632; Matter of Jacob B. [Rachel B.], 77 AD3d 936, 936; Matter of David R., 39 AD3d 1187, 1188; Matter of Kortney C., 3 AD3d 532, 532; Matter of New York City Dept. of Social Servs., 209 AD2d 525, 525). Contrary to the mother's contention, she failed to rebut the presumption of culpability with a reasonable and adequate explanation for Kamryn R.'s injuries (see Matter of Davion E. [Latoya E.], 139 AD3d at 946; Matter of Angelica A. [Jasmin H.], 126 AD3d at 966; Matter of Robert A. [Kelly K.], 109 AD3d at 613; Matter of Jacob B. [Rachel B.], 77 AD3d at 936). Moreover, contrary to the mother's contention, the Family Court's assessment of the conflicting expert testimony, which is entitled to [*3]deference, is supported by the record, and we decline to disturb its determination (see Matter of Angelica A. [Jasmin H.], 126 AD3d at 966; Matter of Robert A. [Kelly K.], 109 AD3d at 613). Accordingly, we agree with the court's finding that the mother abused Kamryn R.
Further, since the mother does not independently challenge the derivative abuse finding as to Kyera R., there is also no basis for disturbing that finding.
The mother's remaining contention is without merit.
BALKIN, J.P., COHEN, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court