Matter of Ariah L. (Jascinta F.) (2021 NY Slip Op 05336)





Matter of Ariah L. (Jascinta F.)


2021 NY Slip Op 05336


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
LARA J. GENOVESI, JJ.


2020-02152 
2020-05144
 (Docket No. NA-25271-2018)

[*1]In the Matter of Ariah L. (Anonymous). Administration for Children's Services, petitioner-respondent; Jascinta F. (Anonymous), appellant, et al., respondents.


Helene Bernstein, Brooklyn, NY, for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Elizabeth I. Freedman of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the respondent Jascinta F. appeals from (1) an order of fact-finding of the Family Court, Kings County (Alicea Elloras-Ally, J.), dated January 27, 2020, and (2) an order of disposition of the same court dated January 28, 2020. The order of fact-finding, insofar as appealed from, upon a decision of that court dated January 24, 2020, made after a fact-finding hearing, found that the respondent Jascinta F. abused the subject child. The order of disposition, upon the order of fact-finding, directed the respondent Jascinta F. to complete a mental health evaluation and restricted her contact with the subject child to supervised visits.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as directed the respondent Jascinta F. to complete a mental health evaluation and restricted her contact with the subject child to supervised visits is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as directed the respondent Jascinta F., the maternal grandmother (hereinafter the appellant), to complete a mental health evaluation and restricted her contact with the subject child to supervised visits must be dismissed, as that portion of the order of disposition has been rendered academic by a so-ordered stipulation dated January 27, 2020. However, the appeal from so much of the order of disposition as brings up for review the finding of abuse against the appellant in the order of fact-finding is not academic (see [*2]Matter of Dallas P. [Allison P.], 185 AD3d 589).
The petitioner commenced this child protective proceeding alleging that the then-seven-week-old child was abused by her parents and the appellant. The petition specifically alleged that the parents and the appellant abused the child at some point prior to the child being diagnosed with unexplained multiple fractures, including a displaced fracture of her left femur. In an order of fact-finding dated January 27, 2020, the Family Court found, after a hearing, that the child was abused by the parents and the appellant.
The Family Court did not err in determining that the appellant was a "person legally responsible" for the child's care within the meaning of Family Court Act § 1012(g) (see Matter of Morgan R. [Patricia F.], 183 AD3d 746).
Contrary to the appellant's contention, the finding of abuse against her was supported by a preponderance of the evidence (see Family Ct Act § 1046[b]). The petitioner established a prima facie case by presenting medical evidence that the injuries sustained by the child would ordinarily not have been sustained except by reason of an act or omission of a parent or caregiver, and the appellant failed to provide a reasonable and adequate explanation for the child's injuries. The Family Court's assessment of the conflicting expert testimony, which is entitled to deference, is supported by the record, and we decline to disturb its determination (see Matter of Ashlynn R. [Maria R.], 189 AD3d 647; Matter of Kamryn R. [Natalie R.], 187 AD3d 1192; Matter of Tyree B. [Christina H.], 160 AD3d 1389; Matter of Davion E. [Latoya E.], 139 AD3d 944; Matter of Robert A. [Kelly K.], 109 AD3d 611; Matter of Kortney C., 3 AD3d 532).
The appellant's remaining contention is without merit.
AUSTIN, J.P., HINDS-RADIX, BARROS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court