Matter of Ariah L. ( (Darrell L.) (2021 NY Slip Op 05337)





Matter of Ariah L. ( (Darrell L.)


2021 NY Slip Op 05337


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
LARA J. GENOVESI, JJ.


2020-05311 
2020-05315
 (Docket No. NA-25271-2018)

[*1]In the Matter of Ariah L. (Anonymous). Administration for Children's Services, petitioner-respondent; Darrell L. (Anonymous), appellant, et al., respondents.


Tennille M. Tatum-Evans, New York, NY, for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Elizabeth I. Freedman of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from (1) a decision of the Family Court, Kings County (Alicea Elloras-Ally, J.), dated January 24, 2020, and (2) an order of disposition of the same court dated January 16, 2020. The order of disposition, upon an order of fact-finding dated January 27, 2020, made after a fact-finding hearing, finding that the father abused the subject child, released the child to the mother and placed the father under the supervision of the Administration for Children's Services for a period of six months.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Matter of Ariana M. [Edward M.], 179 AD3d 923); and it is further,
ORDERED that the appeal from so much of the order of disposition as placed the father under the supervision of the Administration for Children's Services for a period of six months is dismissed as academic, without costs or disbursements, as the period of supervision has expired; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The facts of this proceeding are set forth in greater detail in our decision and order in the related appeal Matter of Ariah L. (__ AD3d ___ [Appellate Division Docket No. 2020-02152; decided herewith]).
The appeal from so much of the order of disposition as placed the father under the supervision of the Administration for Children's Services for a period of six months must be [*2]dismissed as academic, as the period of supervision has expired (see Matter of Myiasha K.D. [Marcus R.], 193 AD3d 850; Matter of Aliyah T. [Jaivon T.], 174 AD3d 722; Matter of Baby Boy D. [Adanna C.], 144 AD3d 1026). However, the appeal from so much of the order of disposition as brings up for review the finding of abuse against the father in the order of fact-finding is not academic (see Matter of Dallas P. [Allison P.], 185 AD3d 589).
The determination that the father abused the child is supported by a preponderance of the evidence (see Family Ct Act § 1046[b][i]). The petitioner established a prima facie case of abuse against the father, and the father failed to offer a reasonable and adequate explanation for the child's injuries. The Family Court's assessment of the conflicting expert testimony, which is entitled to deference, is supported by the record, and we decline to disturb its determination (see Matter of Ashlynn R. [Maria R.], 189 AD3d 647; Matter of Kamryn R. [Natalie R.], 187 AD3d 1192; Matter of Tyree B. [Christina H.], 160 AD3d 1389; Matter of Davion E. [Latoya E.], 139 AD3d 944; Matter of Robert A. [Kelly K.], 109 AD3d 611; Matter of Kortney C., 3 AD3d 532).
AUSTIN, J.P., HINDS-RADIX, BARROS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court