Matter of Amaris A. A. (Jasmine R.) (2022 NY Slip Op 06798)

Matter of Amaris A. A. (Jasmine R.)

2022 NY Slip Op 06798

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-09171
 (Docket Nos. N-349-18, N-8740-18, N-8741-18, N-8742-18, N-8743-18, N-8744-18, N-8745-18, N-8746-18, N-8747-18, N-8748-18, N-8749-18, N-8750-18, N-8751-18, N-8752-18, N-8753-18, N-345-19)

[*1]In the Matter of Amaris A. A. (Anonymous). Suffolk County Department of Social Services, petitioner-respondent; Jasmine R. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Julius E. A. (Anonymous). Suffolk County Department of Social Services, petitioner-respondent; Jasmine R. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Reminisce M. R. (Anonymous). Suffolk County Department of Social Services, petitioner-respondent; Jasmine R. (Anonymous), appellant, et al., respondent. (Proceeding No. 3)
In the Matter of Jeramiah N. R. (Anonymous). Suffolk County Department of Social Services, petitioner-respondent; Jasmine R. (Anonymous), appellant, et al., respondent. (Proceeding No. 4)
In the Matter of Zylen R. (Anonymous). Suffolk County Department of Social Services, petitioner-respondent; Jasmine R. (Anonymous), appellant, et al., respondent. (Proceeding No. 5)
In the Matter of Jayceon F. (Anonymous). Suffolk County Department of Social Services, petitioner-respondent; Jasmine R. (Anonymous), appellant, et al., respondent.
(Proceeding No. 6)
In the Matter of Jaziah F. (Anonymous). Suffolk County Department of Social Services, petitioner-respondent; Jasmine R. (Anonymous), appellant, et al., respondent. (Proceeding No. 7)
In the Matter of James A. F. (Anonymous). [*2]Suffolk County Department of Social Services, petitioner-respondent; Jasmine R. (Anonymous), appellant, et al., respondent. (Proceeding No. 8)

Darla A. Filiberto, Islandia, NY, for appellant.
Dennis M. Cohen, County Attorney, Central Islip, NY (Jayne M. St. James of counsel), for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the children Amaris A. A. and Julius E. A.
Paul K. Siepmann, Patchogue, NY, attorney for the child James A. F.
Rachel A. Camillery, West Islip, NY, attorney for the children Jeramiah N. R., Jaziah F., Jayceon F., and Zylen R.
Susan A. DeNatale, Bayport, NY, attorney for the child Reminisce M. R.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Suffolk County (Frank A. Tantone, J.), dated March 31, 2020. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the mother abused the child Amaris A. A. and derivatively neglected the children Zylen R., Julius E. A., Reminisce M. R., Jayceon F., Jaziah F., James A. F., and Jeramiah N. R.
ORDERED that the order of fact-finding is affirmed insofar as appealed from, without costs or disbursements.
On June 1, 2018, the then six-month-old child, Amaris A. A. (hereinafter the child), was brought to Good Samaritan Hospital in respiratory distress and was found to have injuries consistent with abusive head trauma. The child's chest X ray also showed that she had multiple healing rib fractures. The Suffolk County Department of Social Services (hereinafter DSS) commenced these proceedings pursuant to Family Court Act article 10 alleging, inter alia, that the mother abused the child and derivatively neglected her other seven children. At a fact-finding hearing, DSS presented the testimony of, among other witnesses, Jason Tsai, the child's treating pediatric radiologist, who testified, inter alia, that the blood found around the child's brain and her retinal hemorrhages were "highly concerning for . . . non-accidental trauma, or child abuse." Tsai also testified that the child's rib fractures were "at least two weeks old, . . . probably closer to a month or more." DSS also presented the testimony of Jean Montague, the case worker assigned to the child's case. Montague testified that the mother and the mother's boyfriend, Joel A., were the only two custodians of the child. In response to DSS's case, the mother testified on her own behalf. The mother testified, inter alia, that she and Joel A. were the only caregivers of the child from the time the child was previously discharged from the hospital in April 2018 until June 1, 2018. The mother further testified that Joel A. had shaken the child, but she denied doing anything that she believed would cause the child to sustain multiple rib fractures. After the hearing, in an order of fact-finding dated March 31, 2020, the Family Court found, inter alia, that the mother had abused the child as a result of the child's multiple, unexplained rib fractures, and derivatively neglected the other seven children. The mother appeals.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see Family Ct Act § 1046[b][i]; Matter of Kamryn
R. [Natalie R.], 187 AD3d 1192, 1194; Matter of Dallas P. [Allison P.], 185 AD3d 589, 591). Family Court Act § 1046(a)(ii) "provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of respondents, and (2) that respondents were the caretakers of the child at the time the injury occurred" (Matter of Philip M., 82 NY2d 238, 243; see Family Ct Act § 1046[a][ii]; Matter of Kamryn R. [Natalie R.], 187 AD3d at 1194).
Here, contrary to the mother's contention, DSS established a prima facie case of child abuse against the mother by presenting evidence that the injuries the child sustained would not ordinarily occur absent an act or omission of the caregiver, and that the mother was one of the caregivers of the child at the time the injuries occurred (see Family Ct Act § 1046[a][ii]; Matter of Kamryn R. [Natalie R.], 187 AD3d at 1194; Matter of Dallas P. [Allison P.], 185 AD3d at 592). In response to DSS's prima facie case of abuse, the mother did not present any evidence to rebut the presumption of culpability (see Matter of Philip M., 82 NY2d at 244; Matter of Dallas P. [Allison P.], 185 AD3d at 591-592). Accordingly, the Family Court properly found that the mother abused the child.
Further, the Family Court properly determined that DSS established, by a preponderance of the evidence, that the mother derivatively neglected her other seven children. The evidence adduced at the fact-finding hearing demonstrated, by a preponderance of the evidence, a fundamental defect in the mother's understanding of the duties of a person with legal responsibility for the care of children and such an impaired level of judgment as to create a substantial risk of harm for any child in her care (see Matter of Tarahji N. [Bryan N.-Divequa C.], 197 AD3d 1317, 1319; Matter of Cashmere T. [Andrew S.], 161 AD3d 1177, 1178-1179).
The mother's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court