Matter of Destiny R. (Rene G.) (2023 NY Slip Op 00093)

Matter of Destiny R. (Rene G.)

2023 NY Slip Op 00093

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-07238
2021-07241
2022-03049
 (Docket Nos. N-16825-19, N-16826-19, N-16827-19, N-16828-19)

[*1]In the Matter of Destiny R. (Anonymous). Administration for Children's Services, petitioner-respondent; 
and
Rene G. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Jeneylis G. (Anonymous). Administration for Children's Services, petitioner-respondent; Rene G. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Daniel R. (Anonymous). Administration for Children's Services, petitioner-respondent; Rene G. (Anonymous), appellant, et al., respondent. (Proceeding No. 3)
In the Matter of Alianny R. (Anonymous). Administration for Children's Services, petitioner-respondent; Rene G. (Anonymous), appellant, et al., respondent. (Proceeding No. 4)

Jill M. Zucchardy, New York, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Julie Steiner of counsel), for petitioner-respondent.
Yasmin Daley Duncan, Brooklyn, NY, attorney for the child Destiny R.
Twyla Carter, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the children Jeneylis G., Daniel R., and Alianny R.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Rene G. appeals from (1) an order of fact-finding of the Family Court, Kings County (Diane Costanzo, J.), dated September [*2]13, 2021, (2) an order of disposition of the same court dated September 28, 2021, and (3) an order of disposition of the same court, also dated September 28, 2021. The order of fact-finding, insofar as appealed from, upon a decision of the same court dated September 13, 2021, made after a fact-finding hearing, found that Rene G. sexually abused the child Destiny R. and derivatively neglected the children Jeneylis G., Alianny R., and Daniel R. The first order of disposition, upon the order of fact-finding and upon consent, released the children Jeneylis G. and Daniel R. to the custody of the respondent mother under the supervision of the Administration for Children's Services for a period of three months, upon certain conditions to be met by Rene G. The second order of disposition, upon the order of fact-finding and upon consent, released the children Alianny R. and Destiny R. to the custody of the nonrespondent father, upon certain conditions to be met by Rene G.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the orders of disposition and is brought up for review on the appeals from the orders of disposition; and is it further,
ORDERED that the appeal from so much of the first order of disposition as, upon consent, released the children Jeneylis G. and Daniel R. to the custody of the respondent mother under the supervision of the Administration for Children's Services for a period of three months, upon certain conditions to be met by Rene G., is dismissed, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the second order of disposition as, upon consent, released the children Alianny R. and Destiny R. to the custody of the nonrespondent father, upon certain conditions to be met by Rene G., is dismissed, without costs or disbursements; and it is further,
ORDERED that the orders of disposition are affirmed insofar as reviewed, without costs or disbursements.
The appeals from the so much of the orders of disposition as, upon consent, released the children Jeneylis G. and Daniel R. to the custody of the respondent mother under the supervision of the Administration for Children's Services for a period of three months, and released the children Alianny R. and Destiny R. to the custody of the nonrespondent father, upon certain conditions to be met by the appellant must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see Matter of Dallas P. [Allison P.], 185 AD3d 589; Matter of Jeremiah J. [Selene A.C.], 177 AD3d 740, 741). In any event, portions of the orders of disposition have been rendered academic insofar as they expired by their own terms (see Matter of Dallas P. [Allison P.], 185 AD3d 589; Matter of Jeremiah J. [Selene A.C.], 177 AD3d at 741). However, the appeals from so much of the orders of disposition as bring up for review the finding of abuse and derivative neglect in the order of fact-finding are not academic, since such findings constitute a permanent and significant stigma, which might indirectly affect the appellant's status in future proceedings (see Matter of Dallas P. [Allison P.], 185 AD3d 589).
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see Family Ct Act § 1046[b][i]; Matter of Brianna M. [Corbert G.], 152 AD3d 600, 601). The Family Court's findings with respect to credibility are entitled to great weight (see id.; Matter of Desiree P. [Michael H.], 149 AD3d 841, 841).
Here, the Administration for Children's Services (hereinafter ACS) demonstrated, by a preponderance of the evidence, that the appellant sexually abused the child Destiny R. (see Family Ct Act §§ 1012[e][iii]; 1046[b][i]; Penal Law §§ 130.52). Contrary to the appellant's contentions, minor inconsistencies in the testimony presented by ACS did not render such testimony unworthy of belief (see Matter of Brianna M. [Corbert G.], 152 AD3d at 602). In light of the conflicting testimony presented at the fact-finding hearing, the factual findings of the Family Court turned largely on its assessment of the witnesses' credibility, which is entitled to great weight (see Matter of Cashmere T. [Andrew S.], 161 AD3d 1177, 1178). There is no basis in the record to [*3]disturb the court's assessment of the witnesses' credibility. Contrary to the appellant's contention, the court properly determined that he was a person legally responsible for Destiny R. (see Family Ct Act § 1012[g]; Matter of Yolanda D., 88 NY2d 790).
The Family Court's determination that the appellant derivatively neglected the other subject children was supported by a preponderance of the evidence. "[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent" (Family Ct Act § 1046[a][i]). There is no per se rule that a finding of abuse or neglect of one sibling requires a finding of derivative abuse or neglect with respect to the other siblings (see Matter of Dayannie I.M. [Roger I.M.], 138 AD3d 747, 749). The focus of the inquiry with respect to derivative findings is whether the evidence of abuse or neglect of another child or children demonstrates such an impaired level of parental judgment so as to create a substantial risk of harm for the other child or children in the parent's care (see Matter of Marino S., 100 NY2d 361, 374; Matter of Kristina I. [Al Quran F.], 163 AD3d 565, 567). The evidence adduced at the fact-finding hearing demonstrated, by a preponderance of the evidence, a fundamental defect in the appellant's understanding of the duties of a person with legal responsibility for the care of children and such an impaired level of judgment as to create a substantial risk of harm for any child in his care (see Matter of Taurice M. [Gregory A.], 147 AD3d at 844).
The appellant's remaining contention is unpreserved for appellate review and, in any event, without merit.
DILLON, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court