Matter of Erica H.-J. (Eric J.) (2023 NY Slip Op 02661)

Matter of Erica H.-J. (Eric J.)

2023 NY Slip Op 02661

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2022-02732 
2022-02733
 (Docket Nos. N-2322-16, N-2323-16)

[*1]In the Matter of Erica H.-J. (Anonymous). Administration for Children's Services, petitioner-respondent; Eric J. (Anonymous), et al., respondents, Tarel H. (Anonymous), respondent-appellant. (Proceeding No. 1)
In the Matter of Nadia H. (Anonymous). Administration for Children's Services, respondent; Tarel H. (Anonymous), appellant. (Proceeding No. 2)

Peter Wilner, Jamaica, NY, for Tarel H., respondent-appellant in Proceeding No. 1 and appellant in Proceeding No. 2.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Tahirih M. Sadrieh of counsel), for petitioner-respondent in Proceeding No. 1 and respondent in Proceeding No. 2.
Twyla Carter, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the child Erica H.-J.
Janet L. Brown, Jamaica, NY, attorney for the child Nadia H.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from two orders of disposition of the Family Court, Queens County (Emily Ruben, J.) (one as to each child), both dated March 2, 2022. The first order of disposition, insofar as appealed from, was entered upon so much of an order of fact-finding of the same court dated February 16, 2021, made after a hearing, as found that the mother abused the child Erica H.-J. The second order of disposition, insofar as appealed from, was entered upon so much of the order of fact-finding dated February 16, 2021, as found that the mother derivatively neglected the child Nadia H.
ORDERED that the orders of disposition are affirmed insofar as appealed from, without costs or disbursements.
On the morning of Monday, January 18, 2016, the child Erica H.-J. (hereinafter Erica), who was then 23 months old, was admitted to a hospital with a lacerated liver, which was potentially life-threatening, and various other injuries. The petitioner commenced a child protective proceeding against Erica's mother, Erica's father, and the father's girlfriend, Aisha B., alleging that [*2]they had abused Erica. The petitioner commenced a separate proceeding against the mother, alleging that she had, by the same conduct, derivatively neglected her child Nadia H.
The Family Court conducted a fact-finding hearing, at which the evidence indicated that on the weekend immediately preceding her hospitalization, Erica had visitation with the father, and she spent some of the weekend with the father and Aisha B., and the remainder of the weekend with the mother. The petitioner's evidence included medical expert testimony from Erica's treating physician, who opined, inter alia, that the injury to Erica's liver resulted from blunt force trauma that occurred between 36 and 48 hours prior to her admission to the hospital. The physician testified that such an injury can be caused by a motor vehicle or bicycle accident, but in the absence of such an explanation—and no evidence of any such accident was presented at the hearing—the cause of the injury would be a direct blow or punch to the liver. Another injury Erica had sustained, a lung contusion, was consistent with "a direct punch to the thorax." Erica also had an external bruise in her genital area and a tear to her frenulum, which is a piece of tissue underneath the tongue. In the physician's opinion, considering Erica's injuries collectively, it was clear that the injuries were not sustained in an accidental manner.
In an order of fact-finding issued after the hearing, the Family Court determined that the mother, the father, and Aisha B. were responsible for the care of Erica during the weekend preceding her hospitalization, and, while it could not be determined which of them had inflicted Erica's injuries, they could all be held responsible for the abuse, on a theory of res ipsa loquitur. Accordingly, the court found, inter alia, that the mother abused Erica, and derivatively neglected Nadia H. The mother appeals.
"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected" (Matter of Elijah P. [Jane W.], 191 AD3d 984, 985; see Family Ct Act § 1046[b][i]). Under Family Court Act § 1046(a)(ii), "a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child that would ordinarily not occur absent an act or omission of the respondents, and (2) that the respondents were the caretakers of the child at the time the injury occurred" (Matter of Zoey D. [Simona D.], 148 AD3d 802, 803; see Matter of Kamryn R. [Natalie R.], 187 AD3d 1192, 1194). Thus, once the petitioner has established by a preponderance of the evidence that child abuse has occurred, Family Court Act § 1046(a)(ii) "authorizes a method of proof which is closely analogous to the negligence rule of res ipsa loquitur" (Matter of Philip M., 82 NY2d 238, 244). The statute "permits findings of abuse against more than one caretaker where multiple individuals had access to the child in the period in which the injury occurred," and, in such cases, "the petitioner is not required to establish which caregiver actually inflicted the injury or whether they did so together" (Matter of Unity T. [Dennis T.], 166 AD3d 629, 631-632 [internal quotation marks omitted]; see Matter of Zoey D. [Simona D.], 148 AD3d at 803). Once the petitioner establishes a prima facie case, "the burden of going forward shifts to respondents to rebut the evidence of parental culpability" (Matter of Philip M., 82 NY2d at 244).
Here, the petitioner established a prima facie case of child abuse against the mother through medical records and expert medical testimony showing that the injuries sustained by Erica would not ordinarily occur absent an act or omission of the caregiver, and that the mother was a caretaker of Erica during the relevant time period (see Matter of Amaris A.A. [Jasmine R.], 210 AD3d 1077, 1079; Matter of Travis S. [Moezel J.-Taijon S.], 203 AD3d 478; Matter of Kamryn R. [Natalie R.], 187 AD3d at 1194). In response to this showing, the mother did not demonstrate that Erica's injuries occurred when she was in the exclusive care of the father, or otherwise rebut the presumption of culpability (see Matter of Dallas P. [Allison P.], 185 AD3d 589, 592; Matter of Davion E. [Latoya E.], 139 AD3d 944, 946). Accordingly, the Family Court properly determined that the petitioner established, by a preponderance of the evidence, that the mother abused Erica. Moreover, the court properly found that the mother's derivative neglect of Nadia H. was established by a preponderance of the evidence (see Matter of Tarahji N. [Bryan N.-Divequa C.], 197 AD3d 1317).
CONNOLLY, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court