Matter of Ester K. (Marina U.) (2024 NY Slip Op 06340)

Matter of Ester K. (Marina U.)

2024 NY Slip Op 06340

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-05402
 (Docket No. N-4589-20)

[*1]In the Matter of Ester K. (Anonymous). Administration for Children's Services, respondent; Marina U. (Anonymous), appellant. 

Kyle Sosebee, Brooklyn, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Claude S. Platton and Geoffrey E. Curfman of counsel), for respondent.
Liberty Aldrich, Brooklyn, NY (Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Kings County (Michael R. Milsap, J.), dated May 18, 2023. The order of disposition, insofar as appealed from, was entered upon an order of fact-finding of the same court (Diane Costanzo, J.) dated August 29, 2022, made after a fact-finding hearing, finding that the mother neglected the subject child.
ORDERED that on the Court's own motion, the notice of appeal from a decision dated August 29, 2022, is deemed to be a premature notice of appeal from the order of disposition (see CPLR 5520[c]); and it is further,
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the subject child, Ester K., based upon the conclusions of the child's treating physicians, who, upon a review of the child's medical records and an evaluation of the child, determined that Ester K. was a victim of Pediatric Falsification Syndrome or Munchausen by Proxy (hereinafter MBP) while in the mother's care. Ester K.'s treating physicians further concluded that, as a result of years of neglect of the child by the mother, Ester K.'s mental health was significantly affected and that the child should be admitted to an inpatient psychiatric care facility to "de-program" her from the effects the mother had on the child. After a fact-finding hearing, the Family Court found that the mother neglected Ester K. The mother appeals.
At a fact-finding hearing in a proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see id. § 1046[b][i]; Matter of Tammie Z., 66 NY2d 1, 3; Matter of Nash D. [Daniel D.], 224 AD3d 749, 750; Matter of Brianna M. [Corbert G.], 152 AD3d 600, 601). Family Court Act § 1046(a)(ii) provides that a prima facie case of child abuse or neglect may be established by (1) evidence of an injury to a child which would ordinarily not occur absent an act or omission of the respondents, and (2) evidence that the respondents were the caretakers of the child [*2]at the time the injury occurred (see Matter of Philip M., 82 NY2d 238). "'Although the burden of proving child abuse or neglect always remains with the petitioner, once a prima facie case has been established, a presumption of parental responsibility arises, and the burden of going forward to rebut the presumption shifts to the respondents'" (Matter of Nash D. [Daniel D.], 224 AD3d at 751, quoting Matter of Peter R., 8 AD3d 576, 577, citing Matter of Philip M., 82 NY2d at 244). This analysis has been applied in neglect proceedings based on allegations of MBP where "the circumstantial evidence is cumulative and the dramatic abatement of illness upon removal from the parent speaks for itself" (Matter of Aaron S., 163 Misc 2d 967, 971 [Fam Ct, Suffolk County], affd sub nom. Matter of Suffolk County Dept. of Social Servs. [Ellen S.], 215 AD2d 395; see Matter of Jessica Z., 135 Misc 2d 520, 532 [Fam Ct, Westchester County]). The Family Court's findings with respect to credibility are entitled to great weight (see Matter of Desiree P. [Michael H.], 149 AD3d 841, 841).
Here, the petitioner established, prima facie, that the mother neglected Ester K. by presenting evidence that the impairment Ester K. sustained would not ordinarily occur absent an act or omission of the caregiver and that the mother was a caregiver of the child during the relevant time period (see Matter of Kamryn R. [Natalie R.], 187 AD3d 1192, 1194; Matter of Davion E. [Latoya E.], 139 AD3d 944, 946). The petitioner provided overwhelming evidence that the mother subjected Ester K. to unnecessary medical treatment by reason of MBP (see Matter of Andrew B., 49 AD3d 638, 639; Matter of Suffolk County Dept. of Social Servs. [Ellen S.], 215 AD2d at 395-396).
Contrary to the mother's contention, she failed to rebut the presumption of parental culpability by proving that Ester K. was not in her care when the impairment occurred, that a reasonable explanation existed for Ester K.'s impairment, or that Ester K. did not have the condition which was the basis for the finding of the injury (see Matter of Philip M., 82 NY2d 238, 244-245; Matter of Jaiden T.G. [Shavonna D.-F.], 89 AD3d 1021, 1022). Moreover, the Family Court's assessment of the conflicting expert testimony, which is entitled to deference by this Court, was supported by the record, and we find no reason to disturb the court's determination (see Matter of Nash D. [Daniel D.], 224 AD3d 749, 751; Matter of Kamryn R. [Natalie R.], 187 AD3d at 1195).
BARROS, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court