Matter of Jaretzy F. (Jesus F.-F.) (2025 NY Slip Op 04475)

Matter of Jaretzy F. (Jesus F.-F.)

2025 NY Slip Op 04475

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-04822
 (Docket Nos. N-18557-23, N-18558-23, N-18559-23, N-18560-23)

[*1]In the Matter of Jaretzy F. (Anonymous). Administration for Children's Services, respondent; Jesus F.-F. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Alma F. (Anonymous). Administration for Children's Services, respondent; Jesus F.-F. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Miriam F. (Anonymous). Administration for Children's Services, respondent; Jesus F.-F. (Anonymous), appellant. (Proceeding No. 3.)
In the Matter of Jeremy F. (Anonymous). Administration for Children's Services, respondent; Jesus F.-F. (Anonymous), appellant. (Proceeding No. 4.)

Kenneth M. Tuccillo, Hastings on Hudson, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Rebecca Visgaitis and Eva L. Jerome of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Robert D. Hettleman, J.), dated April 9, 2024. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the father sexually abused the subject child Miriam F., and derivatively abused the subject children Jaretzy F., Alma F., and Jeremy F.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs of disbursements.
On September 7, 2023, the nonrespondent mother reported to the New York City Police Department (hereinafter the NYPD) that the father had sexually abused the subject child Miriam F. on September 4, 2023. On September 11, 2023, the Administration for Children's Services (hereinafter ACS) filed four petitions, one as to each child, against the father alleging, inter alia, that he sexually abused Miriam F. and derivatively abused the subject children Jaretzy F., Alma F., and Jeremy F.
After fact-finding and dispositional hearings, the Family Court found that the father sexually abused Miriam F. and derivatively abused the other three children. The father appeals.
"At a fact-finding hearing pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected" (Matter of Kenyana D. [Kenneth D.], 229 AD3d 544, 545 [internal quotation marks omitted]; see Matter of Nyla S. [Jason B.], 224 AD3d 691, 692). "The Family Court Act defines an abused child as, inter alia, a child whose parent commits against him or her a sex offense as defined in article 130 of the Penal Law, or allows such . . . offense to be committed against the child" (Matter of Alajah H. [Brian H.], 234 AD3d 759, 760 [internal quotation marks omitted]; see Family Ct Act § 1012(e)(iii); Matter of Naima E. [Daryl M.], 227 AD3d 901, 902).
"Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Moshae L. [Angela J.], 237 AD3d 821, 823 [internal quotation marks omitted]); see Matter of Malik M. [Taishona M.], 236 AD3d 1034, 1037). "[M]inor inconsistencies in the testimony presented by [a party do] not render such testimony unworthy of belief" (Matter of Destiny R. [Rene G.], 212 AD3d 629, 631; see Matter of Cashmere T. [Andrew S.], 161 AD3d 1177, 1178).
"In neglect proceedings, unsworn out-of-court statements of the children may be received and, if properly corroborated, will support a finding of abuse or neglect" (Matter of Nathaniel I.G. [Marilyn A.P.], 227 AD3d 806, 807 [alterations and internal quotation marks omitted]; see Family Ct Act § 1046(a)(vi); Matter of Jazlynn K. [Genesis S.], 231 AD3d 952, 954). "Corroboration means any other evidence tending to support the reliability of the previous statements" (Matter of Nathaniel I.G. [Marilyn A.P.], 227 AD3d at 807 [internal quotation marks omitted]; Matter of Alexander S. [Gabriel H.], 224 AD3d 907, 909 [internal quotation marks omitted]).
Here, contrary to the father's contention, the mother's testimony, which differed in some respects to her prior statements made to representatives of the NYPD, Emergency Medical Services, and ACS, constituted "minor inconsistencies" that did not render her "testimony unworthy of belief" (Matter of Destiny R. [Rene G.], 212 AD3d at 631; see Matter of Cashmere T. [Andrew S.], 161 AD3d at 1178). Although the mother's testimony as to the time of the incident differed from her prior statements, her statements were consistent that the incident occurred on the morning of September 4, 2023.
Moreover, a preponderance of the evidence adduced at the fact-finding hearing supported the Family Court's finding of abuse. Miriam F. disclosed the father's sexual abuse of her in a forensic interview, which statements were corroborated by, inter alia, admissions made by the father during a controlled telephone call and the mother's statements and testimony. Further, the father's abuse of Miriam F. supported the court's finding of derivative abuse as to the other three children since it "demonstrated . . . a fundamental defect in the [father's] understanding of the duties of a person with legal responsibility for the care of children and such an impaired level of judgment as to create a substantial risk of harm for any child in [his] care" (Matter of Esther R.-M.D. [Carry Q.], 232 AD3d 738, 741; see Matter of Nyla S. [Jason B.], 224 AD3d at 693).
The father's remaining contention is without merit.
DUFFY, J.P., MILLER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court